SCHWARTZ, Chief Judge.
Monroe County seeks review of a judgment of the Circuit Court, sitting in its appellate capacity, which, expressly applying the principles in Irvine v. Duval Planning Comm’n, 495 So.2d 167 (Fla.1986), reversed the denial of a conditional use proposed by Key Largo Associates, Ltd. The lower court specifically found that the county had failed to demonstrate by “competent substantial evidence that the petitioner’s proposed conditional use is adverse to the public interest.” See Irvine v. Duval, 495 So.2d at 167. We treat this appeal as an application for certiorari to review this decision. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). Upon the finding that the order below was entered in accordance with the demands of procedural due process and that it represents an appropriate application of the principles of law stated in Irvine, the application is denied. As is demonstrated by Education Dev. Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla.1989), which involves a very similar factual and legal situation, we have no authority to review or reverse the circuit court’s ruling on any other basis. Vaillant, 419 So.2d at 624; Manatee County v. Kuehnel, 542 So.2d 1356 (Fla. 2d DCA 1989), review denied, 548 So.2d 663 (Fla.1989).
As the parties both recognize, this ruling makes it unnecessary to consider Key Largo’s separate appeal from a final judgment declaring, contrary to its position, that the Monroe County Code provisions for the determination of the right to a conditional use are constitutional. Accordingly, and specifically without passing upon the correctness of the judgment, that appeal, case no. 90-168, is dismissed as moot.
Certiorari denied, appeal dismissed.