PETERSON, Judge.
This petition for writ of certiorari was filed by Lake Ida Protection Society, Inc., the members of which are owners or residents of property fronting the shore of Lake Ida in Putnam County. The petitioner requests that we direct the circuit court to order the Putnam County Board of County Commissioners “to define recreational area in zoning ordinance 88-1 comprehensively so that it means and includes boat ramps and associated facilities that are intended for use by nonlakeshore residents.”
The controversy concerns the use of two lakefront lots, zoned for single-family residential use, as a lakefront recreational area for non-lakefront owners in the same subdivision. The developer of the subdivision began advertising the lots in 1968 as a recreation area for subdivision residents, but it did not formalize the use as such by dedication, easement, special zoning, or any other method. The ownership of the lots is vested in the developer, and except for the advertised and historical use and existence of a boat ramp, dock, and parking area, the lots are no different from the other vacant lakefront lots. Petitioner complains of noise, actual and potential crime incidents, littering, lake contamination, and other offensive activities resulting from the unregulated and unsupervised use of the lots by other residents of the subdivision.
In 1982, the developer sought and gained approval from Putnam County to construct a temporary sales office (now removed), a permanent screened pavillion, a children’s playground, barbecue grills, picnic tables, an observation and fishing dock, and a boat ramp for the use of subdivision residents as a recreation area. The county also stated in a 1982 letter that the recreational amenities were a permitted use in residential districts and may remain in place indefinitely. The developer has constructed only one boat ramp and a parking lot.
In 1988, a new zoning ordinance was passed that required a grant of a special exception by the county for the use of lots as “parks and recreational areas.” Petitioner then asked the county to “investigate and discontinue the non-conforming boat ramp and other unpermitted uses.” The county responded by indicating that a special exception had not been required by the ordinance in force prior to 1988, and that the new 1988 ordinance was not violated since “a boat ramp does not constitute a recreational area,” thereby implying that the ramp was a conforming use, and that a special exception was not required. Petitioner was invited by the county to appeal the interpretation, and after two administrative appellate hearings in which evidence was heard, the county’s interpretation was affirmed. Petitioner then took an appeal to the circuit court. The totality of the record before us of the circuit court proceedings is an order containing a simple denial of a petition for writ of certiorari.
*1207 The scope of review by this court of the circuit court’s judgment is set forth in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). In Vaillant, the supreme court indicated that:
As a case moves up the appellate ladder, each level of review does not become broader....
[[Image here]]
... Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court’s judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.
Id. at 626. While the record of the administrative appeal is quite detailed, the record of the circuit court consists only of the order of the circuit court. There is nothing in the record indicating the manner in which petitioners initiated proceedings in that court or the manner in which any of the proceedings were conducted in that court. If any error in procedural due process or application of the correct law was committed by the circuit court, none has been demonstrated by the record of its proceedings supplied to us.
PETITION DENIED.
DAUKSCH and COWART, JJ., concur.