CROSS, Judge.
The Civil Service Board for the City of Fort Lauderdale seeks through petition for writ of certiorari review of an order of the circuit court entered in its appellate capacity reversing an order of the Board which upheld the actions of the city manager in refusing to allow Joseph C. Carter to retract a letter of resignation. We issue the writ and quash the order.
On December 20, 1976, Joseph C. Carter submitted a letter of resignation to the City Manager for the City of Fort Lauderdale. This letter was endorsed as being accepted by the City Manager and made effective January 30,1977. On January 13,1977, Mr. Carter submitted a letter purporting to rescind his resignation. The City Manager responded by letter dated January 20, 1977 that Mr. Carter’s letter of resignation had been accepted on December 20th, and that it was the City Manager’s established policy not to allow retraction of letters of resignation.
Mr. Carter then appealed to the Civil Service Board, which in due course upheld the actions of the City Manager on the ground that it had a generally adopted policy of sustaining the City Manager in like situations. Mr. Carter petitioned the circuit court for a writ of certiorari to review the decision of the Civil Service Board. After reviewing the record, briefs of the parties and hearing oral argument, the court entered its order reversing the decision of the Civil Service Board, and ordering the reinstatement of Mr. Carter with full reimbursement - for wages and benefits lost. The Civil Service Board then filed the in *859 stant petition for writ of certiorari seeking review of the order of the circuit court.
Our review of appellate proceedings initiated before a circuit court is limited to a determination of whether the court either lacked jurisdiction over the cause, or whether the judgment conforms to the essential requirements of the law.
We are unaware of any prior Florida cases discussing the efficacy of a notice of withdrawal of resignation by a municipal employee after acceptance by his superior. However, in a similar context, a written notice of resignation subscribed by an employee has been characterized as an offer to dissolve the existing contract of employment. Hart v. School Board of Wakulla County, 340 So.2d 121 (Fla. 1st DCA 1976). Such an offer may be withdrawn, as may most offers in other contractual contexts, at any time prior to acceptance. However, once such offer is accepted by the appropriate supervisor or supervisory board, a binding agreement is formed and absent a mutual accord modifying or cancelling such agreement, the resignation may not be withdrawn by unilateral action. Motley v. Board of Public Instruction of Okaloosa County, 190 So.2d 815 (Fla. 1st DCA 1966), reh. den.
Cases regarding the effect of a notice of resignation given by a private employee, even though employed by a municipality, must be distinguished from those involving the effect of such resignation-in the case of a constitutional officer. For example, In re Advisory Opinion to the Governor, 117 Fla. 773, 158 So. 441 (1934), the Florida Supreme Court expressed the view that an elected county officer who had transmitted his written resignation for‘acceptance by the governor could rescind duch resignation by written withdrawal at any time before the effective date of the resignation. Accord, Tappy v. State, 82 So.2d 161 (Fla.1955). These cases stand for the proposition that a constitutional office does: not become “vacant” until the effective date of the resignation. This rule has no application in the case of a municipal employee. We determine that the proper rule is that a notice of resignation may not be withdrawn once it has been accepted by the person or board which has the authority to oversee the hiring and termination of such employees, absent a mutual agreement to the contrary.
In the instant case, the record affirmatively shows that Mr. Carter’s resignation was delivered to the City Manager, who had the authority to oversee appellee’s employment and to fill vacancies as they occurred. The record also conclusively shows that such resignation was accepted by the city manager to be effective at a later date. Thus, it appears that the circuit court’s reliance on a line of cases involving constitutional officers was misplaced, and therefore the circuit court’s order failed to comply with the essential requirements of the law when it reversed the decision of the Civil Service Board.
Accordingly, we grant the writ of certio-rari and quash the order of the circuit court, and remand for the entry of an order consistent with the views herein expressed.
Certiorari granted and remanded with directions.
ANSTEAD and DAUKSCH, JJ., concur.