419 So.2d 624 (1982)
CITY OF DEERFIELD BEACH, Wardell Chance, Doris Hunn, Myrle Johnson, Richard Mowry, and Lawrence Vanderwiele, Petitioners,
v.
Michael H. VAILLANT, Respondent.
No. 60924.
Supreme Court of Florida.
July 29, 1982.
Rehearing Denied October 8, 1982.
*625 Andrew S. Maurodis, Deerfield Beach, for petitioners.
Philip S. Shailer of Shailer & Purdy, Fort Lauderdale, for respondent.
ALDERMAN, Chief Justice.
We review the decision of the District Court of Appeal, Fourth District, in City of Deerfield Beach v. Vaillant, 399 So.2d 1045 (Fla. 4th DCA 1981), which expressly conflicts with United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 296 (Fla. 3d DCA 1979). The sole issue before us is whether a final judgment of the circuit court reviewing administrative action is subject to appeal in the district court of appeal or whether this judgment is reviewable only by writ of certiorari. The Fourth District in the present case held that the circuit court's order reversing a decision of the Civil Service Board was reviewable only by writ of certiorari pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B). We agree and approve the decision of the Fourth District.
Michael Vaillant was terminated as the superintendent of the Deerfield Beach Wastewater Treatment Plant by the city manager. He appealed to the Civil Service Board of the City of Deerfield Beach which, after hearing, voted to uphold his termination. He then petitioned the circuit court for review of the board's action by certiorari. After examining the entire record "including hundreds of pages of proceedings and testimony taken and given before the Board," the circuit court granted Vaillant's petition, reversed the board's decision, and ordered Vaillant reinstated.
The City of Deerfield Beach appealed to the Fourth District, but the district court, finding its scope of review to be limited when the circuit court has acted in its appellate capacity, treated the appeal as a petition for writ of certiorari and denied it. The district court pointed out that the controversy over which method of review is available in the district court is engendered by the use of the words "certiorari" and "appeal" synonymously with the intention of denoting a seeking out of higher review and that the type of "certiorari" sought in *626 the circuit court here was not a discretionary review but rather was a review to which Vaillant was entitled as a matter of right. It explained that in reviewing the board's action, the circuit court determined whether or not the board provided procedural due process, observed the essential requirements of the law, and supported its findings by substantial competent evidence. Regardless of the nomenclature, the Fourth District determined, the review sought in the circuit court was effectually an "appeal." To establish its appropriate scope of review, the district court relied upon Florida Rule of Appellate Procedure 9.030(b)(2)(B) which provides that the certiorari jurisdiction of the district court may be sought to review final orders of circuit courts acting in their review capacity. Stating that a final judgment of a circuit court acting in its review capacity is not appealable as a matter of right to a district court if it has already been directly "appealed" to a circuit court, it found inapplicable article V, section 4(b)(1), Florida Constitution, which provides in pertinent part:
District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to . .. a circuit court.
Evaluating the circuit court's judgment in light of its limited standard of review, the district court determined that procedural due process was afforded and that essential requirements of the law were observed.
We agree with the decision and rationale of the Fourth District in the present case. See also Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1980), review denied, 399 So.2d 1140 (Fla. 1981); Phipps v. Board of Adjustment, 388 So.2d 317 (Fla. 4th DCA 1980); Campbell v. Vetter, 375 So.2d 4 (Fla. 4th DCA 1979); Civil Service Board, City of Fort Lauderdale v. Carter, 363 So.2d 858 (Fla. 4th DCA 1978). As a case moves up the appellate ladder, each level of review does not become broader. As Chief Judge Letts, speaking for the court, said:
[C]ommon sense dictates that no one enjoys three full repetitive reviews to,
1. a civil service board
2. a circuit court
3. a district court of appeal... .
City of Deerfield Beach v. Vaillant, 399 So.2d at 1047.
We disapprove United Teachers of Dade v. Brickell Avenue, Inc. insofar as it holds that a final judgment of the circuit court acting in its review capacity to review administrative action is appealable as a matter of right to the district court where it has already been directly "appealed" to the circuit court. Cf. Save Brickell Avenue, Inc. v. City of Miami, 393 So.2d 1197 (Fla. 3d DCA 1981), wherein the Third District treated as a petition for writ of certiorari an appeal from the circuit court's final judgment entered in a zoning matter brought to the circuit court for review.
We hold that where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court's judgment is not entitled to a second full review in the district court. Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court's judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.
Accordingly, we approve the decision of the Fourth District.
It is so ordered.
BOYD, OVERTON, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents.