FERGUSON, Judge.
By a petition for writ of common law certiorari, Edco Enterprises, Inc., d/b/a Colony Interiors seeks review of a per cu-riam opinion of the Appellate Division of Dade County Circuit Court which affirmed a decision of the Metropolitan Dade County Unsafe Structures Board. That decision made a finding that certain uncompleted structures were unsafe and ordered that they be demolished.
In early 1982, Spelican, N.V., a foreign corporation, began construction of a residence for Sheik Mohammed Al-Fassi on Star Island in Miami Beach. The property is owned by Al-Fassi through Spelican, N.V. When Al-Fassi left Florida, Spelican, N.V. also abandoned the uncompleted structures, leaving behind numerous creditors including petitioner, a mechanic’s lien-holder. After the abandonment a notice of violation and final order was issued by a *19 building official of the Code Enforcement Department for the City of Miami Beach, citing violations of the South Florida Building Code and requiring the owner to “secure buildings and property immediately.”
A public hearing was held by the Unsafe Structures Board on September 13,1983, to hear evidence relating to the building official’s order. The Director of the Code Enforcement Department requested that the Board approve the demolition of all structures on the premises because of their unsafe condition. Several residents of Star Island appeared as witnesses to express concern that children wandering onto the property might be injured by the debris and hazardous condition of the structures and that a hurricane might cause construction materials to be blown onto other property on the island. An attorney who appeared on behalf of petitioner and other mechanic’s lienholders argued that the lien-holders’ security would be substantially impaired if the buildings were destroyed. He requested that the lienholders be granted time and permission to secure the property and render it safe pursuant to the notice of violation. The Board Chairman announced that the lienholders did not have standing to secure the buildings because they were not the owners nor had they perfected any rights by foreclosure proceedings.
The Board ordered that demolition of the buildings take place within fifteen days. Petitioner obtained a stay pending an appeal of the demolition order to the circuit court. Pursuant to the stay order petitioner was required to post a bond and secure the premises. The circuit court’s affirmance of the Board’s decision is the subject of this petition for review.
In its petition Edco argues, inter alia, that the circuit court and the Board departed from the essential requirements of law by failing to consider the valuation criteria set forth in Section 202.2(b), South Florida Building Code (1979). Respondents, Metropolitan Dade County Unsafe Structures Board and the City of Miami Beach, contend that the Code does not require that valuation criteria be applied in making a demolition determination and that the finding that the structures created a hazard under the physical criteria of Section 202.2(a) was sufficient to justify the Board’s decision. We disagree.
Section 202.1(c), South Florida Building Code (1979) provides that unsafe buildings “shall be demolished and removed from the premises concerned, or made safe, sanitary and secure_” [e.s.]. Section 202.2, titled “criteria,” sets forth physical criteria in subpart (a) and valuation criteria in subpart (b). The physical criteria are considered when making a determination as to whether a structure is unsafe. If a structure is found unsafe, the valuation criteria in Section 202.2(b)[1] must be applied to determine whether a responsible person shall have an option to make the necessary alterations or repairs. The record, which includes the public hearing before the Board, is devoid of any mention of valuation criteria. In disregarding the requirements of Section 202.2(b), the circuit court departed from the essential requirements of law. See City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982); Police Pension Board, City *20 of Hollywood v. Neilson, 435 So.2d 325 (Fla. 4th DCA 1983).
In their challenge to petitioner’s standing, respondents contend that the Board does not have the authority to order Edco to make repairs or to secure the buildings because Edco is not the owner of the property. We reject that argument in view of Section 202.10(b), South Florida Building Code (1979) which provides that the Board “may order the owner or persons responsible for the building or structure to ... make repairs and take necessary action to secure the building_” [e.s.]. The owner has abandoned the property. The lienhold-ers are the only entities which have come forward asserting rights or interest in the property. Additionally, Edco has consistently indicated its willingness to accept responsibility and to comply' with orders of the Board. It is therefore a “person responsible” as that term is used in the Code.
Certiorari is granted, the order under review is quashed, and the cause is remanded with instructions to hear further evidence in accordance with Section 202.-2(b), South Florida Building Code (1979).

. Section 202.2(b)(1), (2), South Florida Building Code (1979) provides:
(b) VALUATION CRITERIA:
(1) If the cost of alteration, repair and/or replacement of an unsafe building or structure or part thereof exceeds 50 percent of its value, such building shall be demolished and removed from the premises. If the cost of alteration, repair and/or replacement of an unsafe building or structure or part thereof ' does not exceed 50 percent of such replacement cost, such building or structure may be repaired and made safe, as provided in Section 104 and in the applicable minimum housing code; or.
(2) If the cost of structural repair or structural replacement of an unsafe building or structure or part thereof exceeds 33 percent of the structural value, such building or structure or part thereof shall be demolished and removed from the premises; and if the cost of such structural repairs does not exceed 33 percent of such replacement cost, such building or structure or part thereof may be structurally repaired and made safe, as provided in Section 104.