## DEPARTMENT OF PUBLIC SAFETY v O'NEAL
### Case No. 89-55-AP
Fourth Judicial Circuit, Duval County

August 15, 1990

## OPINION OF THE COURT

BEN PARSONS, Circuit Judge.

Appellant, the City of Jacksonville, seeks a review of a decision of the Civil Service Board of the City of Jacksonville. The Court has jurisdiction to review such a decision pursuant to Rule 9.030(c)(1)(c), Florida Rules of Appellate Procedure, and 67-1320, Section 19.08, Laws of Florida. The decision sought to be reviewed is one by which the Civil Service Board reinstated an employee of the City, Charles S. O'Neal, to his former position and ruled that the City refrain from reprisals of any kind to the employee.

The standard of review to be applied by this Court was clearly set forth in *City of Deerfield Beach v Vaillant,* 419 So.2d 624, 626 (Fla. 1982):

Where a party is entitled as a matter of right to seek review in the

circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence.

Mindful of its responsibilities as delineated in *Vaillant,* the Court has carefully read and reread the entire record and the briefs of the parties, and has considered the arguments of counsel. The Court is particularly concerned with the testimony as found in the transcript of the hearing on pages 63, 65, 67, 74, 79, 80, 84 and 85 in which the Civil Service Board refused to allow cross-examination of Mr. O'Neal, the Appellee. This denial does not comport with the legal requirements of due process. Furthermore, the Board failed to state its reasons as to why it denied proper cross-examination of the witness. This deficiency render the Board's "decision" defective. Confrontation and cross-examination under oath are essential to due process because it is the approved method to test the probity of the evidence, and discredit or eliminate that which is spurious or of doubtful veracity. *Revision Of, Or Amendment To, The Integration Rule Of The Florida Bar,* 103 So.2d 873 (Fla. 1956).

Therefore, the Court has no alternative but to vacate and set aside the decision of the Civil Service Board and to remand the matter to the Civil Service Board with directions that it conduct a proper hearing which accords procedural due process of law by allowing the proper cross-examination of the Appellee.

It is so ordered.

DONE, ORDERED and ADJUDGED at Jacksonville, Duval County, Florida, this 15th day of August, 1990.