772 So.2d 630 (2000)
CITY OF JACKSONVILLE BEACH, Florida, Petitioner,
v.
CAR SPA, INC., Respondent.
No. 1D00-1302.
District Court of Appeal of Florida, First District.
December 15, 2000.
William S. Graessle of Winegeart & Graessle, P.A.; Stephen Stratford, Jacksonville, for Petitioner.
Paul M. Harden, Jacksonville, for Respondent.
WEBSTER, J.
The City of Jacksonville Beach seeks review, by a petition for writ of certiorari, of a circuit court decision quashing the *631 order of the Jacksonville Beach Planning Commission which denied Car Spa's application for a conditional use permit. We conclude that the circuit court applied the wrong law in reaching its decision. Accordingly, we reverse, and remand for further proceedings.
Car Spa filed an application seeking a conditional use permit for a "car wash and automotive service and gasoline service facility." The staff of the Jacksonville Beach Planning Commission concluded that the proposed conditional use was consistent with relevant zoning and comprehensive plan policies, and recommended approval subject to certain conditions. The Planning Commission then held a public hearing, at which considerable evidence was presented. Following the hearing, the Planning Commission denied the conditional use permit, and Car Spa filed a petition for writ of certiorari in the circuit court, alleging that the "application for conditional use as well as the record of the public hearing clearly reflects [sic] that all ... criteria ... are met by [Car Spa's] proposed use" and that there was "no substantial or competent evidence of any fact proving or even inferring that the conditional use would be contrary to the public interest." The circuit court subsequently entered the order quashing the Planning Commission's denial of the conditional use permit which is the subject of the City's petition to this court seeking a writ of certiorari.
Our review of the circuit court's decision is limited to determining whether the circuit court (1) "afforded procedural due process" and (2) "applied the correct law." City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). The City does not suggest that its right to procedural due process of law was infringed upon. Rather, it argues that the circuit court's decision must be reversed because that court did not apply the correct law.
In Vaillant, the supreme court identified the circuit court's scope of review of agency action in cases such as this. In such cases, "the circuit court must determine [1] whether procedural due process is accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence." Id. The supreme court recently revisited this area of the law in Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000). Addressing the third element of a circuit court's responsibility as set out in Vaillant, the court explained that the circuit court is essentially acting in an appellate capacity. Id. at 1092. As such, its duty is simply to review the record to determine whether the agency's decision is supported by competent substantial evidence. Id. at 1092, 1094. It may not "`reweigh the evidence or substitute its judgment for that of the agency.'" Id. at 1092 n. 3 (quoting from Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)). In other words, whether it would have reached a different conclusion from that of the agency had it been sitting as the trier of fact is irrelevant, provided that the record contains competent substantial evidence supporting the decision actually reached by the agency.
We look to the circuit court's order to ascertain whether it reflects application of the correct law. Id. at 1093. In that order, the circuit court concluded that Car Spa had carried its initial burden of demonstrating entitlement to the conditional use permit, and that, as a result, the burden shifted to the City to demonstrate that Car Spa had not satisfied the relevant code criteria and that the conditional use requested was, therefore, contrary to the public interest. This was essentially consistent with Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla. 1986). However, it is clear that, at that point, rather than reviewing the entire record to determine whether the Planning Commission's decision was supported by competent substantial evidence, the circuit court considered only portions of the record, and reweighed the evidence, substituting its judgment for that of the Planning *632 Commission as to the relative weight of that evidence. The circuit court rejected the testimony of a professional land-use planner regarding non-compliance of the proposed use with the comprehensive plan because the opinion "d[id] not appear to be based upon any engineering study or other data." It also rejected the testimony of an individual who had conducted tests to determine whether noise levels associated with the proposed use violated local noise ordinances and would impact negatively upon the neighborhood based upon its conclusion that the tests had not been performed using a truly comparable facility. Finally, it rejected the testimony of a number of neighbors regarding existing traffic problems, and the testimony of two who were also realtors that the proposed use would have an adverse impact upon property values, as essentially irrelevant.
We conclude that the circuit court applied the wrong law to the extent that it failed to review the entire record to determine whether the Planning Commission's decision was supported by competent substantial evidence and, instead, reweighed the evidence, substituting its judgment regarding relative weight for that of the Planning Commission. See Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000). Accordingly, we reverse and remand. On remand, the circuit court shall perform the three elements of review of agency action set out in Vaillant. In particular, it shall determine whether the record before it contains competent substantial evidence supporting the Planning Commission's decision to deny the conditional use, without reweighing the evidence, or substituting its judgment for that of the Planning Commission.
REVERSED and REMANDED, with directions.
JOANOS and PADOVANO, JJ., CONCUR.