946 So.2d 550 (2006)
PHARMCORE, INC. and USA Express, Inc., Petitioners,
v.
CITY OF HALLANDALE BEACH, Florida and The City Commission of the City of Hallandale Beach, Florida, Respondents.
No. 4D05-3735.
District Court of Appeal of Florida, Fourth District.
October 25, 2006.
Rehearing Denied February 9, 2007.
*551 Stephen T. Maher of Shutts & Bowen LLP, Miami, for petitioners.
Douglas R. Gonzales and Jamie Alan Cole of Weiss Serota Helfman Pastoriza Cole & Boniske, P.A., Ft. Lauderdale, for respondents.
WARNER, J.
Petitioners seek certiorari review of an order of the circuit court denying their petition for certiorari from a determination of the City Commission of Hallandale Beach. The City denied a permit to change the copy on a non-conforming business sign. Given the very limited parameters of second-tier certiorari review, we deny the petition, as the circuit court provided due process and applied the correct law.
Pharmcore leased a business property from USA Express (collectively referred to hereinafter as Pharmcore). The City of Hallandale's Code Enforcement Board found Pharmcore in violation of various ordinances for failure to repair sidewalks and conform to landscaping and parking requirements. Pharmcore sought appellate review of that decision in the circuit court. Although not addressed by the Board's decision, Pharmcore received notice from the City that the pole sign on its property was nonconforming to the current sign code. The parties ultimately reached a settlement agreement, wherein Pharmcore agreed to certain repairs, and the City agreed to permit the nonconforming sign upon Pharmcore's application for a permit for the sign. The agreement was signed for the City by the assistant city attorney.
Despite the agreement, the City staff denied the application, stating that Pharmcore had not made a timely submission of its permit. Pharmcore appealed to the City Commission. At the hearing, the staff expressed other reasons for denying the permit, to which Pharmcore objected based upon lack of notice. These included the fact that the pole sign was prohibited in the zoning district in which the property was located. Pharmcore also objected to the procedures used at the hearing, although these were adopted by the City in 2003 for quasi-judicial proceedings. Later, the city attorney also claimed that the settlement agreement was unauthorized as the City had not ratified it. After the hearing, the City Commission voted to deny the permit.
Pharmcore then petitioned the circuit court for relief, claiming that the City had violated its procedural due process rights. In a written opinion, the judge recited the correct standard of review as set forth in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). He denied the petition on the ground that the settlement agreement was not ratified by the City Commission and therefore the City would not be bound by its terms. In essence, he found that the settlement agreement amounted to a variance from the sign code which only the city manager or the commission could approve. Without elaboration, *552 the decision stated that the court had reviewed the record and found that petitioners were afforded due process.
Pharmcore now requests that this court review the decision of the circuit court. Pharmcore complains that the City denied it due process through its deficient notice of denial of the permit, which did not include the grounds on which it relied at the hearing. The City failed to sustain its objections to this lack of notice as well as to its objections to procedural irregularities which occurred at the City Commission hearing. After the City pointed out in its response to the petition that Pharmcore is not complaining of the circuit court's denial of procedural due process, Pharmcore replied that the circuit court departed from the essential requirements of law by failing to grant the writ based upon the City's denial of due process.
The scope of review on a petition for certiorari is now well-settled and very limited. As stated most recently in Broward County v. G.B.V. International, Ltd., 787 So.2d 838 (Fla.2001):
The Court in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982), delineated the standards of review for local agency action at both the circuit and district court levels. The inquiry at both levels is deliberately circumscribed out of deference to the agency's technical mastery of its field of expertise, and the inquiry narrows as a case proceeds up the judicial ladder. "First-tier" certiorari review is three-pronged, and "second-tier" certiorari review is two-pronged:
Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine [1] whether procedural due process is accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court's judgment, then determines [1] whether the circuit court afforded procedural due process and [2] applied the correct law.

Vaillant, 419 So.2d at 626.
787 So.2d at 843 (footnotes omitted).
Applying the correct law incorrectly to the facts of the case does not warrant certiorari review. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000). This is because certiorari review is not to be merely a second appeal. "District courts have never been allowed to review decisions, under the guise of certiorari jurisdiction, simply because they are dissatisfied with the result of a decision of a circuit court sitting in its appellate capacity." Id. at 683.
In this case, Pharmcore has presented nothing to suggest that the circuit court applied the incorrect law regarding procedural due process, other than to say that the judge reached the wrong result. The circuit court appropriately noted the scope of its review under Vaillant. It found that procedural due process had been provided to Pharmcore. Whether or not that determination was proper, there is no indication that the wrong law was applied. Second-tier review is not available to review the application of the correct law to the facts.
For this reason, we deny the petition.
KLEIN and GROSS, JJ., concur.