KLEIN, J.
Petitioner was the seller under a real estate contract on which the buyer made a $10,000 deposit. After the transaction failed to close a dispute arose as to who was entitled to the deposit. The county court judge found in favor of the seller without explanation, and the buyer obtained a reversal in circuit court, despite the absence of a transcript of the testimony of the trial in county court.
In reversing and holding that the buyer was entitled to the return of her deposit, the circuit court ignored the contractual provision requiring the buyer to make a good faith effort to obtain the financing on which the contract was contingent. The circuit court accordingly failed to apply the correct law, which is that all provisions of a contract must be given effect. City of Homestead v. Johnson, 760 So.2d 80 (Fla.2000); Paladyne Corp. v. Weindruch, 867 So.2d 630 (Fla. 5th DCA 2004). If the circuit court had applied the correct law, the lack of transcript of the testimony as to the buyer’s efforts to obtain financing would have required the circuit court to affirm the county court judgment in favor of the seller. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Our review of the decision of the circuit court sitting in its appellate capacity is limited to whether the circuit court afforded due process or applied the correct law, Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). In this case the court failed to apply the correct law, and we accordingly grant the petition.
STONE and HAZOURI, JJ., concur.