977 So.2d 636 (2008)
WAL-MART STORES EAST L.P., a Delaware limited partnership, Petitioner,
v.
TOWN OF DAVIE, and Rolling Hills Plantation Homeowners Association, Respondents.
No. 4D07-1856.
District Court of Appeal of Florida, Fourth District.
February 13, 2008.
Rehearing Denied April 16, 2008.
*637 Nancy A. Copperthwaite arid Carmen I. Tugender of Akerman Senterfitt, Miami, and Katherine E. Giddings of Akerman Senterfitt, Tallahassee, for petitioner.
Andrew S. Maurodis, Deerfield, for respondent Town of Davie.
W. Tucker Gibbs of W. Tucker Gibbs, P.A., Coconut Grove, for respondent Rolling Hills Plantation Homeowners Association.
PER CURIAM.
Wal-Mart Stores East, L.P. ("Wal-Mart") timely seeks certiorari review of an order by the circuit court, sitting in its appellate capacity, which denied Wal-Mart's first-tier petition for writ of certiorari.[1] The first-tier petition sought review of a decision by the town council of the Town of Davie ("the Town") which had denied Wal-Mart's application for site plan approval. We deny the petition.
Our scope of review is limited when an appellant seeks certiorari relief from a circuit court acting in its appellate capacity. In second-tier certiorari petitions, we inquire only into whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). Second-tier certiorari review is not a second *638 appeal. Pharmcore, Inc. v. City of Hallandale Beach, 946 So.2d 550, 552 (Fla. 4th DCA 2006). With this standard in mind, we find that most of the issues presented by Wal-Mart are outside the scope of our narrow review.
One procedural due process issue properly raised by Wal-Mart is whether the circuit court had jurisdiction to review the Town's denial of its application. Wal-Mart argues that because the town council did not issue a written, signed, and rendered decision of its denial, the circuit court improperly reviewed the matter. However, in Broward County v. G.B.V. International, Ltd., 787 So.2d 838 (Fla. 2001), our supreme court reviewed the certiorari evaluation conducted by the lower courts in that case. G.B.V. involved a zoning decision by a county commission. Although the supreme court found fault in the certiorari review conducted by both lower courts, it found no jurisdictional defects in the circuit court's certiorari review of the county commission's decision even though the commission did not issue a written order. Id. at 846.
We also note that written notice from a denial of a development permit is now required under Florida Statutes section 166.033, which took effect on October 1, 2006. Section 166.033 states, "When a municipality denies an application for a development permit, the municipality shall give written notice to the applicant. The notice must include a citation to the applicable portions of an ordinance, rule, statute, or other legal authority for the denial of the permit." However, because the council's June 19, 2006 decision was issued before section 166.033 took effect, no written notice was required. Thus, in accordance with G.B.V. and because the Town made its decision before October 1, 2006, the lower court in the instant matter properly reviewed the town council's denial of the application even though no written order was issued.
In the ruling below, the circuit court followed the correct three-prong standard of review as found in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).[2] The court below also found that there was competent substantial evidence to support the council's denial of Wal-Mart's application for site plan approval. The court below cited De Groot v. Sheffield, 95 So.2d 912 (Fla.1957) and City of Deland v. Benline Process Color Co., 493 So.2d 26 (Fla. 5th DCA 1986), for the proposition that a circuit court is only to review whether competent substantial evidence existed for a lower tribunal's decision; it must not reweigh or consider the credibility of the evidence presented to the tribunal. The lower court applied the correct law in this matter.
Because the circuit court afforded Wal-Mart procedural due process and applied the correct law in its first-tier certiorari review, we deny the instant petition for certiorari.
POLEN, TAYLOR and DAMOORGIAN, JJ., concur.
NOTES
[1] This court has jurisdiction pursuant to Fla. R.App. P. 9.030(b)(2)(B).
[2] The three-prongs are 1) whether procedural due process is accorded, 2) whether the essential requirements of the law have been observed, and 3) whether the findings and judgment are supported by competent substantial evidence. Vaillant, 419 So.2d at 626.