WELLS, J.,
specially concurring.
I concur in the majority opinion concluding that under the law of the case doctrine, the City Commission on remand following Morningside Civic Assoc., Inc. v. Dougherty, 944 So.2d 370 (Fla. 3d DCA 2006), was (1) restricted to a record review of the evidence adduced before the City’s Zoning Appeals Board (ZAB) when reviewing that board’s decision to grant a Class II Special Permit to Petitioner here, and (2) was obligated to state its reasons for rejecting the ZAB’s determination. These two requirements were imposed on the City by the Appellate Division of the Circuit Court in that opinion dated July 14, 2006 and became binding on the City Commission following our denial of certiorari review. Id.
I now write separately to clarify these two requirements, both of which amount to incorrect statements of the law.[1] As the majority opinion explains, this matter initially came to the City Commission following a determination by the City’s ZAB that Petitioner’s Class II Special Permit application should be granted. Following a public hearing during which both proponents and opponents of this application were heard, the City decided to deny the permit. The Petitioner sought review in the Appellate Division of the Circuit Court. In an opinion dated July 14, 2006, the appellate division, relying on the City’s zoning ordinance as it existed before the code’s amendment in January 2004, reversed the City Commission’s denial and remanded for reconsideration. It did so for two reasons: first, because it found that section 1305 of the City of Miami’s zoning code obligated the City Commission to state its reasons for rejecting the ZAB’s permit determination and that the Commission had failed to do so; and second, because section 1201 of the code restricted the City Commission to a record, rather than permitting a de novo, review of the evidence adduced before the ZAB. Neither of these determinations is correct.
As to the first point, the appellate division explained:
In the instant case, the Commission did not make specific findings of fact. Florida case law does not require specif *159 ic findings of fact provided that the ruling is supported by competent substantial evidence. BellSouth Mobility, Inc. v. Miami-Dade County, 153 F.Supp.2d 1345 (Fla. USDC So. Dist.2001), Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993). However, the City of Miami Zoning Code imposes certain standards.
Section 1305 of the City of Miami Zoning Code expressly provides that:
City agents, agencies, or boards charged with decisions concerning special permits shall make, or cause to be made, written findings and determinations concerning such of the following matters as are applicable in the case, shall reflect such considerations and standards specifically in the record...
Based on Section 1305, the City Commission was mandated to include in their ruling written findings which specifically set forth the considerations and standards that are supported by substantial competent evidence. The City Commission faded to comply with this requirement, basing its ruling on a general statement. The critical reason for requiring an administrative agency to state their conclusions and orders with specificity is to facilitate judicial review and bolster decisions. The City is bound by the procedural requirements imposed by the code and cannot renege on its promise to its citizens to uphold the code. Failure of an agency to adhere to its own regulations constitutes a departure from the essential requirements of the law. As such, the ruling of the City Commission fails to observe the essential requirements of the law, the second prong of first tier appellate review.
(Some citations omitted).
This is a misstatement of the law. As the Florida Supreme Court confirmed as far back as 1993 in Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469, 476 (Fla.1993), “[wjhile they may be useful, the board will not be required to make findings of fact. However, in order to sustain the board’s action, upon review by certiorari in the circuit court it must be shown that there was competent substantial evidence presented to the board to support its ruling.” Thus, findings of fact and conclusions of law, while useful, are not necessary to support a quasi-judicial land use determination unless the ordinance at issue requires it.
Here, the pre-amendment version of section 1305 of the City of Miami’s Zoning Code, on which the appellate division relied in its opinion, mandated no such findings. This provision expressly governed “City agents, agencies, or boards charged with decisions concerning special permits”; it did not govern the City itself, the entity on which the authority has been conferred to create such agents, agencies and boards:
Sec. 1. Creation and existence.
The inhabitants of the City of Miami, Florida, within the boundaries hereinafter designated, or within such boundaries as may hereafter be established, shall continue to be a body politic and corporate under the name the “City of Miami,” and as such shall have perpetual succession and may use a common seal.
[[Image here]]
Sec. 4. Form of government...
(a) General description. The form of government of the City of Miami, Florida, provided for under this Charter shall be known as the “mayor-city commissioner plan,” and the city commission shall consist of five citizens, who are qualified voters of the city who shall be elected from districts in the manner hereinafter provided. The city commis *160 sion shall constitute the governing body with powers (as hereinafter provide) to pass ordinances adopt regulations and exercise all powers conferred upon the city except as hereinafter provided....
[[Image here]]
Sec. 38. City planning and zoning board.
(a) Comprehensive planning. The city commission is empowered to plan for the future development of the city and, as an integral part of the planning process, to take all lawful actions necessary to implement plans made....
(b) Authority to implement comprehensive plans. The city commission is authorized to ... adopt and enforce:
(1) controls on the use of lands and waters;
(2) zoning of lands and waters;
(3) regulations for the development or subdivision of land;
(4) building, plumbing, electrical, gas, fire, safety, sanitary, and other codes; and
(5) minimum housing codes.
(c) Creation of implementing boards. The city commission shall by ordinance create such appropriate board or boards as it may deem necessary to carry out the functions set out in subsections (a) and (b) above....
City of Miami Charter §§ 1, 4, 38.
Thus, by its terms, the version of section 1305 relied on by the appellate division in its July 2006 opinion did not apply to the City Commission and did not alter the rule set forth in Snyder. The City Commission was not, therefore, required by this provision to specifically set forth the considerations and standards that supported its quasi-judicial decision to reverse a determination of its zoning board.[2]
As to the second point, that is, the appellate division’s conclusion in its July 2006 opinion that the City Commission was precluded from hearing evidence in addition to that heard by the ZAB, the appellate division stated:
Section 1201 of the City of Miami Zoning Ordinance provides that:
The City commission shall have only the following duties: (4) Reviewing, upon request, decisions of the Zoning Board when it serves in an appellate capacity with respect to decisions of ... the director of planning, building and zoning. (Emphasis added).
The usage of the word “only” limits the scope of “review” in an appellate capacity. By comparison, Section 1305 of the City of Miami Zoning Ordinance, expressly proves that “new materials may be provided by the Zoning Board where such materials are pertinent to the determination of the appeal.” This express provision empowers the Zoning Board to receive new materials. There is no similar provision for the City Commission to receive new evidence. Accordingly, the City Commission was limited to review of the record received from the Zoning Board. The nature of inquiry narrows as the case proceeds up the judicial ladder. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). By conducting its own de novo assessment, the City Commission usurped the authority of the Zoning Board. G.B.V. International, Ltd., 787 So.2d at 846. As such, by reversing the Zoning Board’s issuance of the Special Permit, the City Commission failed to *161 follow the essential requirements of the law.
This too is incorrect. Nothing in the version of section 1201 of the City’s zoning code relied on by the appellate division prevents the City Commission from hearing new or additional evidence while reviewing a decision from its ZAB. This provision states only that the Commission has the authority to review ZAB decisions when the ZAB acts in an appellate capacity with regard to decisions of the directors of planning, and building and zoning:
The City Commission shall have only the following duties:
[[Image here]]
(4) Reviewing, upon request, decisions of the Zoning Board when it serves in an appellate capacity with respect to decisions of ... the director of planning, building and zoning.
City of Miami Zoning Ordinance § 1201 (2004) (emphasis added).
The “it” referred to in this version of section 1201 is the ZAB, not the City Commission. See City of Miami Zoning Ordinance § 1203 “Duties of Zoning Board” (confirming that the zoning board “[s]erv[es] as an instrument of review of decisions of the director of the department of planning, building and zoning in connection with the issuance of Class II Special Permits”). Section 1201 says nothing about the manner in which the Commission may review such ZAB decisions.
It is, of course, well accepted that local government decisions regarding building permits are quasi-judicial in nature and are subject to de novo review. See Bro-ward County v. G.B.V. Int’l, Ltd., 787 So.2d 838, 842 n. 4 (Fla.2001) (confirming that local government decisions on building permits, site plans, and other development orders are quasi-judicial in nature). Such proceedings, as we have stated, are those at which at least the parties must be allowed to present evidence and cross-examine witnesses. See Jennings v. Dade County, 589 So.2d 1337, 1340 (Fla. 3d DCA 1991).
As confirmed during the public hearing held to amend the City’s zoning code to address the appellate division’s July 14, 2006 decision, the City, historically, has applied section 1201 to treat “appeals” from the ZAB as quasi-judicial proceedings conducted at public fora where all interested parties may appear and present evidence:
[By the City Attorney]: ... Sometimes [sic] in 1990 ... [the courts] said that you needed to act more like judges than legislators, and they imposed this quasi-judicial type of proceeding[3] that you have been hearing for the last 14 whatever years, which means that when a P & Z item comes in front of you, you need to pay particular attention to the evidence and the testimony, and you need to weigh it. You need to find competent, substantial evidence on the record. You need to afford due process, you know, all of these things that we have been advising you and that you are very adept at doing. Something has happened recently.... In the last few months, a decision of this commission was appealed to the appellate division of the circuit court.... The case, very briefly, goes something like this, Ms.
*162 Gelabert approves a special Class II Permit. That decision of hers gets appealed to the Zoning Board. The Zoning Board agrees with her, and the neighbors appeal that decision and comes [sic] to the Commission. The Commission looks at it; hears evidence all over again because that’s the way that it has always happened, and the Commission goes against the Zoning Board and Ms. Gelabert.... When [the developer goes] to court to challenge this Commission’s decision, they were successful in convincing the court that this Commission did not act appropriately because you considered] the matter de novo.... [N]ow you are literally under court order ... when you’re dealing with appeals from the Zoning Board ... you have to act like appellate lawyers, not like trier [of] fact lawyers, which imposes an additional burden, which means that you cannot — when it comes to you, you cannot listen to the case de novo. You cannot hear the neighbors. You cannot hear the experts. You cannot hear the developer’s experts. You must limit yourself to the transcript, to the record that has been passed out to you ... of what the Zoning Board did.
http:llegov.ci.miamifl.us/meetingsl2006lll 1208-M-City-CommissionJ36-01-26-Verbatim-Minutes-(Long).pdf City of Miami Commission Meeting Minutes 1/26/06 (emphasis added); see also http:// egov. ci.miami.fl. us/LegistarWeb/ Attachments/20326.pdf, City of Miami Planning Department “Planning Fact Sheet” (Jan. 11, 2006) (stating “[r]ecently, a Circuit Court ruled that appeals from the Zoning Board to the City Commission are to be conducted like appellate hearings. However, the City’s practice is to conduct these hearings de novo “new hearing” where all parties can address the City Commission with new evidence, etc. This amendment [to address the appellate division’s July 14, 2006 opinion] is simply to clarify that this is the City’s practice.”).
As both the version of section 1201 applied by the appellate division in its July 2006 opinion and the historic application of this provision confirm,[4] there was and is no basis for determining that the City Commission was limited to conducting an “appellate review” similar to that conducted by the courts and as contemplated by the rules of appellate procedure when reviewing a ZAB determination.[5] The Commis *163 sion was, therefore, well within its authority to conduct a de novo review of the ZAB’s decision to issue the instant permit and to hear new evidence.
Thus, while I cannot agree with the reasons set forth by the appellate division in its July 2006 opinion for reversing the City Commission’s decision to deny the instant permit, I nonetheless agree with the majority herein that by virtue of that opinion and this court’s refusal to review it, the Commission was obligated on remand to: (1) limit its review to the record before the ZAB; and (2) state its reasons for any determination that it made. It would also appear that by virtue of the appellate division’s reliance on the zoning code prior to its January 2004 amendment, this is the version of the code to be applied below.

. I acknowledge that by our denial of certio-rari we are bound by Morningside Civic Ass’n, Inc. v. Dougherty, 944 So.2d 370 (Fla. 3d DCA 2006), for the purposes of this matter on remand.

. This provision was amended in 2004 to impose this requirement on the City Commission.

3. See, e.g., Snyder, 627 So.2d at 474 (stating generally that a local government acts in a legislative capacity when it formulates a general rule of policy; whereas, it acts in a judicial capacity when it applies such a general policy rule. The former acts are subject to a "fairly debatable” standard of review by the courts; whereas, the latter must be supported by competent, substantial evidence.).

. In fact, the neighborhood association's response filed herein concedes that "neither the City, nor the developers or neighborhood groups, had ever interpreted or applied Section[] 1201 ... in the restrictive manner proscribed by the circuit court....”

. This provision has now been amended to expressly provide for de novo review:
Sec. 1201 Duties of city commission.
Under this zoning ordinance, the city commission shall have the following duties, including, without limitation:
[[Image here]]
(4) Reviewing and considering, in accordance with the applicable provisions of this Zoning Ordinance upon request, by hearing de novo, decisions of the zoning board when it selves in a review capacity with respect to decisions of either the zoning administrator or the directors of planning, building and zoning....
City of Miami Zoning Ordinance § 1201. In conjunction therewith, article 20 of the code was amended to permit the Commission to take and consider new evidence at such de novo proceedings:
Sec. 2004. City commission powers on review; hearing de novo.
The city commission shall conduct a hearing de novo, as a body of original jurisdiction, upon any appeal and/or review from an appealable decision under the terms of this zoning ordinance, as amended. New evidence or materials may be received by the city commission where such evidence or materials are pertinent to a determination of the appeal.... The city commission on review shall have full power to affirm, reverse, or modify, in whole or in part, with *163 or without conditions, the action of the zoning board or other appealable decision pursuant to this zoning ordinance.
City of Miami Zoning Ordinance § 2004.