ON MOTION FOR REHEARING

PER CURIAM.
Petitioners, William Clark, Nicole Rivera, and Jose Torres Ortiz, filed a motion for rehearing of this court’s prior opinion, dated March 13, 2015. We grant Petitioners’ motion, withdraw our previous opinion, and substitute this opinion in its place.
Petitioners petition this court for second-tier certiorari review of an opinion by the Ninth Judicial Circuit Court, appellate division, which reversed the trial court’s finding that photographic and video evidence obtained from red light cameras needed to be authenticated prior to being admitted into evidence.
Each Petitioner was separately issued a traffic citation pursuant to section 316.0083, Florida Statutes (2012), known as the Mark Wandall Traffic Safety Act, after a red light camera allegedly captured him or her running a red light. Petitioners contested the citations at a lengthy evidentiary hearing, which took place on June 7, 2012, and August 2, 2012. At the hearing, the State attempted to admit into evidence the photographs and video obtained from the red light cameras without first providing authentication of the evidence,[1] claiming that pursuant to section 316.0083(l)(e), Florida Statutes (2012),[2] authentication of this evidence was not required as a condition to its admissibility because the evidence was self-authenticating. The trial court determined that the photographic and video evidence obtained from the red light cameras were not self-authenticating and dismissed the citations because “the State had failed to prove that the [Petitioners] had committed the infraction.”
The State appealed the trial court’s order to the Ninth Judicial Circuit Court, appellate division. The circuit court reversed the trial court’s order in part, finding that since “the statute plainly states that photographic or electronic images or streaming video are admissible and evi *71 dence that a violation of section 316.074(1)[3] or section ai6.075(l)(c)(l)[4] occurred, this evidence is self-authenticating, and it was error that the trial court did not automatically admit this evidence at the hearing.” Petitioners now seek cer-tiorari review on the sole issue of whether the circuit court erred in interpreting section 316.0083(l)(e), Florida Statutes (2012), to provide that photographic and video evidence obtained from red light cameras are self-authenticating.
When a district court reviews a petition for second-tier certiorari review, it must determine “whether the ‘circuit court afforded procedural due process and applied the correct law.’ ” Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995) (emphasis omitted) (quoting City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982)). In other words, this court must determine whether the lower court, while sitting in its appellate capacity, departed from the essential requirements of law. See id. “[T]he departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003) (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000)). “A district court should exercise its discretion to grant cer-tiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Id.
Petitioners do not dispute that photographs and video obtained from red light cameras are relevant evidence. See § 90.401, Fla. Stat. (2012) (“Relevant evidence is evidence tending to prove or disprove a material fact.”). Rather, they argue that there is nothing in the plain language of section 316.0083(l)(e), Florida Statutes (2012), to indicate that the rules of evidence were not applicable or that the photographs and video from red light cameras were admissible without the need for authentication. However, the Legislature expressly provided in the statute that this evidence is admissible in any proceeding to enforce red light camera violations, leaving it unclear whether the Legislature, by its wording of the statute, equated admissibility with self-authentication. Because the lower court was left with this unclear language, and because no Florida appellate court has squarely addressed this issue, we conclude that certiorari relief is not warranted as the circuit court did not violate a clearly established principle of law. See, e.g., Ivey, 774 So.2d at 682 (“Without such controlling precedent, we cannot conclude that [the lower] court violated a ‘clearly established principle of law.’ ” (quoting Stilson v. Allstate Ins. Co., 692 So.2d 979, 982-83 (Fla. 2d DCA 1997))).
In denying certiorari relief, we recognize that there is a great temptation in cases like this one to provide precedent where precedent is needed. However, the solu *72 tion to the problem exists in section 34.017(1), Florida Statutes (2014);[5] not through a second-tier certiorari proceeding. See Stilson, 692 So.2d at 983.
PETITION DENIED.
ORFINGER, EVANDER, and ' LAMBERT, JJ., concur.

. See § 90.901, Fla. Stat. (2012) ("Authentication or identification of evidence is required as a condition precedent to its admissibility.”).

. Section 316.0083(l)(e), Florida Statutes (2012), provides, in full:
The photographic or electronic images or streaming video attached to or referenced in the traffic citation is evidence that a violation of s. 316.074(1) or s. 316.075(l)(c)l. when the driver failed to stop at a traffic signal has occurred and is admissible in any proceeding to enforce this section and raises a rebuttable presumption that the motor vehicle named in the report or shown in the photographic or electronic images or streaming video evidence was used in violation of s. 316.074(1) or s. 316.075(l)(c)l. when the driver failed to stop at a traffic signal.
§ 316.0083(l)(e), Fla. Stat. (2012) (emphasis added).

3. Section 316.074(1), Florida Statutes (2012), provides:
The driver of any vehicle shall obey the instructions of any official traffic control device applicable thereto, placed in accordance with the provisions of this chapter, unless otherwise directed by a police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter.
§ 316.074(1), Fla. Stat. (2012).

4. Section 316.075(l)(c)l., Florida Statutes (2012), provides:
Vehicular traffic facing a steady red signal shall stop before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection and shall remain standing until a green indication is shown.
§ 316.075(l)(c)l„ Fla. Stat. (2012).

. Section 34.017(1) allows county courts to certify a question to the district court of appeal if the question "may have statewide application” and "[i]s of great public importance” or ”[w]ill affect the uniform administration of justice." § 34.017(1), Fla. Stat. (2014). This section allows district courts to "create precedent needed for the orderly administration of justice in their [county] courts." Stilson, 692 So.2d at 983. In this case, the county court did not certify a question.