-EDWARDS, J.
Through a petition for certiorari, Jeffrey Objio asks this court to''consider whether the suspension of his driveris license for driving under the influence ' of alcohol, must-be invalidated where the arresting officer was properly subpoenaed for, but did not appear at, the formal review hearing conducted by the Department of Highway Safety (“the Department”). The controlling statutory provision is clear: “If the arresting officer ..-. fails to appear [at the formal review hearing] pursuant to subpoena ... the department shall invalidate the suspension.” § 322.2615(11), Fla. Stat. (2014). Under the circumstances • of this case, we find that the circuit court, acting in its appellate capacity^ applied the incorrect law when it affirmed the hearing officer’s order sustaining 'the suspension.[1] Accordingly, we grant the petition and quash thé circuit court’s order.
BACKGROUND FACTS
Objio was stopped by Officer Dúrih and ultimately arrested by Officer Fowler 'for driving under the influence of alcohol. A breath test administered by Ray Garcia revealed that Objio’s blood alcohol level exceeded 0.08 percent. Pursuant to section 322.2615, Florida Statutes (2014), Ob-jio’s driver’s license was suspended, and he was issued a temporary business-only driving permit. In accordance with section 322.2615(6), Objio sought a formal review of the suspension. Subpoenas were issued and timely served on Dunn, Fowler, and Garcia. The subpoenas required them to attend the formal review hearing scheduled by the Department.
When Officer Fowler did riot appear at the hearing, Objio moved for invalidation of the suspension pursuant to section 322.2615(11), which provides that “[i]f the arresting officer ... fails to appear pursuant to a subpoena ..., the department shall 'invalidate the suspension.” The hearing proceeded in part, during which time Objio’s counsel questioned Dunn and Garcia. Although the hearing officer stated that he would be'willing to continue the case and would extend the duration of Objio’s temporary driving permit, Objio’s counsel declined.' Objio reiterated his position that section 322.2615(11) was absolute in its terms and required the hearing officer to invalidate the suspension. At this point, the hearing officer asked whether Objio would object to a continuance; when Objio’s counsel did not provide an immediate answer, the hearing officer said he would check back with him later. The hearing officer wanted time to consider this issue because section 322.2615(11) was recently revised, so he informed Objio’s counsel that they would reconvene by recorded telephone call to complete the argu-mént and ruling on this specific issue.
' Several days later, as agreed, the hearing officer contacted Objio’s counsel by *496 telephone and was informed that Objio was not going to request a continuance because section Í122,2(515(9) provides that a temporary driving “permit may not be issued to a person who sought and obtained a continuance of the hearing.” The hearing officer entered a written order that denied Objio’s request for invalidation of the suspension under section 322.2615(11); and sustained'the license suspension.
Objio appealed the hearing officer’s ruling to the. circuit, court by petition for certiorari. The circuit court noted that Fowler timely submitted a written request for continuance of Objio’s formal review hearing. However, no continuance was ever ordered by the hearing officer. A Department rule, that predates the revision of section 322.2615(11), provides that a properly subpoenaed witness who fails to appear at a scheduled hearing may submit a written statement showing just cause fpr the. failure to appear within two days of the hearing. Fla, Admin, Code R. 15A-6.015 (2014). “[J]ust cause shall mean ex-' traordinary circumstances beyond the control of ,.. the witness which prevent that person from attending the hearing.” Id. The reason given for requesting the continuance was that Fowler would be on leave on the date of the hearing. The circuit court agreed with the Department that the arresting officer did not “[fail] to appear” at the hearing since he had sought a continuance, rather than simply, not showing up. The circuit court reasoned that Fowler’s absence did not trigger the mandatory invalidation provision of section 322.2615(11) and found that Objio could not avoid the consequences of license suspension by refusing to accept the hearing officer’s initial offer of a continuance. The circuit court upheld the hearing officer’s order sustaining the suspension of Objio’s license and noted that there seemed to be a conflict between sections 322.2615(6) and (11). Objio timely petitioned for certiorari review by this court.
STANDARD OF REVIEW
When a party seeks review of the circuit court’s ruling on an administrative action, the district court of appeal conducts what is known as “second-tier” review and must determine “[1] whether the circuit court afforded procedural due process and [2] applied the correct law.” Broward Cty. v. G.B.V. Int'l Ltd., 787 So.2d 838, 843 (Fla.2001) (quoting City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla,1982)). Objio does not claim that he was denied procedural due process, so we only need to decide if the circuit court applied the correct law in reaching its decision.
APPLICABLE LAW
The applicable law regarding the consequences of the failure of an arresting officer to appear at a review hearing is section 322.2615(11). When it comes to a. formaL review hearing, section 322.2615 treats the non-attendance of subpoenaed arresting officers differently than the nonattendance of other subpoenaed witnesses. Section 822.26!5(6)(e) provides that “failure of a subpoenaed witness to appear at the formal review hearing is not grounds to invalidate suspension.” (emphasis added). Even a driver’s failure to appear at his own hearing .will be excused unless “the hearing officer finds such failure to be without just cause.” Id. § 322.2615(6)(b). However, in a situation such as this, where no continuance is ordered, section 322.2615(11) is absolute, mandatory, and quite clear when it states that “[i]f the arresting officer ... fails to appear pursuant to a subpoena as provided in subsection (6), the department, «hall invalidate the suspension.” Id. (emphasis added). Because there is no ambiguity in the wording of subsection (11), there is no need to *497 resort to any other source for explanation or definition, such as Florida Administrative Code Rule 15A-6.015, which was discussed above. Thus, when the arresting officer, Fowler, failed to appear at the hearing after being duly subpoenaed, the hearing officer was required, under section 322.2615(11), to invalidate the suspension of Objio’s driver’s license..
The circuit court did not apply section 322.2615(11), and thus, it did not apply the correct law in reaching its decision. Accordingly, we grant the petition and quash the circuit court’s order affirming the hearing officer’s order sustaining the suspension. We remand with instructions' to the circuit court to grant Objio’s original petition for certiorari, reverse the hearing officer’s order, direct that Objio’s suspension be invalidated, and ordering the Department to revise its records relating to him accordingly.
PETITION GRANTED; ORDER QUASHED; REMANDED WITH INSTRUCTIONS. •
EVANDER and WALLIS, JJ., concur. '

. This is not a situation where the formal hearing was continued based upon the arresting officer's pre-hearing written request for a continuance.