BILBREY, J.,
dissenting.
I respectfully dissent. The trial court did not err in its denial of first-tier certio-rari relief, and even if it had, such an error did not constitute a miscarriage of justice warranting second-tier certiorari relief.
The controlling procedure was set forth over thirty years ago in City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982), as follows:
where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court’s judgment is not entitled to a second full review in the district court. Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court’s judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.[2]
In Vaillant, the Florida Supreme Court essentially equated the certiorari review afforded by a circuit court with the appellate review exercised by a district court. Id. Implicit in such an equation is the notion that second-tier certiorari review should be sparingly granted. As the Supreme Court has explained:
a balance must be struck between respecting the finality of appellate review provided by the circuit court’s appellate counties, returning the property covered by such plats either in whole or in part into acreage. Before such resolution of vacating any plat either in whole or in part shall be entered by the governing body of a county, it must be shown that the persons making application for said vacation own the fee simple title to the whole or that part of the tract covered decision [on first-tier certiorari review] and the necessity of having the availability of certiorari to use in a narrow group of cases, which “merit the extra review and safeguard provided by certiorari.”
Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 727 (Fla.2012) (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 531 (Fla.1995)).
Since Vaillant, the Florida Supreme Court repeatedly has made it clear that second-tier certiorari relief is a remedy appropriate only in very narrow circumstances. Such a narrow circumstance does not include disagreement with a circuit court’s evaluation of evidence. Educ. Dev. *539 Ctr., Inc. v. City of W. Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla.1989). Further, second-tier certiorari jurisdiction cannot be invoked “where the decision below [on first-tier certiorari review] recognizes the correct general law and applies the correct law to a new set of facts to which it has not been previously applied. In such a situation, the law at issue is not a clearly established principle of law.” Nader, 87 So.3d at 723 (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 682-83 (Fla.2000)).
Here, the circuit court certainly applied the correct law when it considered chapter 177, Florida Statutes, and section 8.06.01 of the Baker County Land Development Regulations. Construing these provisions, the circuit court concluded in pertinent part that “because both the applicable statute and county code provision use the permissive ‘may’ and do not include any words requiring a board to reach a particular decision if certain criteria are met, [Blah-Nurseries] has not demonstrated entitlement to mandamus or certiorari relief.” Section 177.101(3) provides:
(3) The governing bodies of the counties of the state may adopt resolutions vacating plats in whole or in part of subdivisions in said d by the plat sought to be vacated, and it must be further shown that the vacation by the governing body of the county will not affect the ownership or right of convenient access of persons owning other parts of the subdivision.
(Emphasis added).
The majority reads this provision as setting forth the complete requirements for vacating a plat map. Thus, if two requirements are met — (i) demonstration of fee simple title and (ii) demonstration that ownership or right of access by other owners will not be affected — then, a county must vacate the plat. I read section 177.101(3) as instead only imposing minimal requirements before a request to vacate a plat can even be considered. Indeed, that is exactly what section 177.011, quoted by the majority, states: “[Part I of Chapter 177] establishes minimum requirements and does not exclude additional provisions or regulations by local ordinance, laws, or regulations.” (Emphasis added). In other words, the elements of standing to seek a change in a plat map are stated in section 177.101(3); entitlement to such a change is a succeeding inquiry. That the minimum standards should be uniform is a fact which hardly dispossesses a local authority from exercising certain discretion over land-use planning.
There is ample case law holding that the use of the term “may” ordinarily denotes discretionary or permissive authority. See, e.g., The Fla. Bar v. Trazenfeld, 833 So.2d 734, 738 (Fla.2002) (“The word ‘may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word ‘shall.’ ”); Sanders v. City of Orlando, 997 So.2d 1089 (Fla.2008). The majority does not offer a compelling reason for not construing the term “may” in its ordinary sense, and it is imminently reasonable that a local authority be given a measure of discretion over land use.
Assuming for the sake of argument that the circuit court did err in construction óf chapter 177, it still does not follow that second-tier certiorari relief is warranted; As indicated, legal error, in and of itself, is not a basis for granting certiorari review. Citizens Prop. Ins. Corp. v. San Perdido Ass’n, 104 So.3d 344, 351 (Fla.2012). Indeed, the Florida Supreme Court has repeatedly emphasized that it is the “seriousness of the error” and not the mere existence of error which is the determinative factor. See Ivey, 744 So.2d at 682 (quoting Combs v. State, 436 So.2d 93, *540 95 (Fla.1983)). Moreover, it is the seriousness of error allegedly committed by the court on first-tier certiorari which is the object of focus for a district court considering second-tier'certiorari review— not any error which may have been made by the local authority (or county court) in the first instance, Vaillant, nor even the erroneous application of the correct law to the facts of the case, Ivey. Here, the trial court applied the correct law, chapter 177, to the facts of the-case. That the majority would have reached a different result had it conducted first-tier certiorari review is of no moment. See Futch v. Fla. Dep’t of Highway Safety & Motor Vehicles, 189 So.3d 131 (Fla.2016); Educ. Dev. Ctr., Inc.; Ivey.
Importantly, I submit that it is not correct to say, as the majority does, that the circuit court denied judicial review. It considered the applicable law and found that the County acted within the authority permitted to it by this law. Statutory construction does constitute judicial review, even if it results in an affirmance of the action taken below. See, for example, Mendenhall v. State, 48 So.3d 740 (Fla.2010). The majority simply disagrees with the result reached by the County and then by the circuit court. As Blair Nurseries cannot point to a denial of procedural due process and as the circuit court considered the arguments raised in the certiorari petition and rejected those arguments upon an application of the controlling law to the facts of the case, there can be no reasonable assertion that a manifest injustice occurred. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010) (“when a district court considers a petition for second-tier certiorari review, the ‘inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,’ or, as otherwise stated, departed from the essential requirements of law”); Heggs.
By granting second-tier certiorari, this court is granting a second appeal. Such is an improper use of certiorari. Ivey, 774 So.2d at 683. As the Florida Supreme Court has explained, improper expansion of certiorari jurisdiction would “afford a litigant two appeals from a court of limited jurisdiction, while limiting a litigant to only one appeal in cases originating in a trial court of general jurisdiction.” Nader, 87 So.3d at 723 (quoting Custer, 62 So.3d at 1093).
Under the relaxed standard employed by the majority, certiorari is available to any party who could prevail if a direct appeal were available, contrary to well-established precedent which , holds that “appellate courts must exercise caution not to expand certiorari jurisdiction to review the correctness of the circuit court’s decision.” Nader, 87 So.3d at 723. Such a relaxed standard improperly “invite[s] .cer-tiorari review of a large number of the appellate decisions issued by circuit courts.” Ivey, 774 So.2d at 683 (quoting Stilson v. Allstate Ins. Co., 692 So.2d 979, 982-83 (Fla. 2d DOA 1997)). Second-tier certiorari review is an “extraordinary power,” Stilson, 692 So.2d at 982, and as such, it should be invoked sparingly and cautiously.
In sum, I would deny the petition.

. The phrase applying the correct law is synonymous with observing the essential requirements of law. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).