967 So.2d 963 (2007)
CITY OF CORAL GABLES CODE ENFORCEMENT BOARD, et al., Petitioners,
v.
Yife TIEN, Respondent.
Nos. 3D07-1219, 3D07-1223.
District Court of Appeal of Florida, Third District.
October 10, 2007.
*964 Lourdes Alfonsin Ruiz, Assistant City Attorney; Timothy H. Crutchfield, Miami, for petitioners.
Aballi Milne Kalil & Escagedo and Hendrik G. Milne, Miami, for respondent.
Before GERSTEN, C.J., and GREEN and SHEPHERD, JJ.
SHEPHERD, J.
In this second-tier certiorari case,[1] we are called upon to settle a squabble between neighbors who own adjacent homes on the Gables Waterway, a bay access channel within the limits of the City of Coral Gables. Each home boasts 100-foot seawalls along the waterway. The neighbors  Petitioner Victor Bared and Respondent Yife Tien  apparently lived peaceably next to each other in this waterfront enclave until sometime in 2005 when, as Tien tells it, "Bared motored his 122-foot, two-story monster yacht up the Coral Gables Waterway and docked it off his backyard." Although at least partially *965 blocked from view by a twenty-five foot mangrove patch that grows just off Tien's seawall, the nose of the vessel, when moored behind Bared's home, protrudes approximately twenty feet into what Tien considers "his space," in the waterway.
After asking "nicely, in writing, to please move the boat" and receiving an unneighborly response, Tien complained to the City Code Enforcement Department who cited Mr. Bared under Section 86-59 of the Coral Gables Code. This section provides:
It shall be unlawful for any person to anchor, moor or tie up any boat or craft of any and every nature whatsoever to any waterfront property abutting the waterways and canals within the city, unless he is the owner of the property to which the craft is anchored, moored or tied up or is the lessee of improved property having a dwelling structure thereon, under a written lease from the owner of the fee simple title to such property or is the guest in the house of the owner of improved property having a dwelling structure thereon.
Code 1958, § 7-5; Code 1991, § 14-41. Bared would not budge. Instead, he appealed to the Coral Gables Code Enforcement Board.
At the hearing before the Board, Tien presented what he considered to be watertight evidence in support of his position: "[T]o park a 122-foot boat off 100 feet of waterfront . . ., [y]ou are either going to be 22 feet into one neighbor's space or an aggregate of 22 feet into two neighbors' spaces." Bared conceded this point, but countered that the ordinance was inapplicable because this boat is anchored solely to Bared's own property. The City Attorney opined this was the determinative fact in the case, and the Board dismissed the violation.
On first tier certiorari, the circuit court appellate division disagreed with the Code Enforcement Board's decision. Conceding the yacht was "parked along [Bared's] seawall behind his own home," the appellate court chose to focus on Tien's equally indisputable point that "the yacht did extend over behind Tien's seawall . . . as well." The appellate court considered this fact sufficient to award relief to Tien under the ordinance and concluded, "[a]ny other interpretation of the statute would result in an absurd result. . . ." Bared now seeks to invoke our assistance.
We recognize at the outset that the scope of our review at this stage of the proceeding is quite limited. Where, as here, "full review of administrative action is given in the circuit court as a matter of right," a litigant "is not entitled to a second full review in the district court." City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). However, where "there has been a violation of a clearly established principle of law resulting in a miscarriage of justice," then we are authorized to reach down and supply relief. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 888 (Fla.2003) (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000)). As the court noted in Kaklamanos, "`clearly established law' can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law." Kaklamanos, 843 So.2d at 890. To that list, we today add municipal ordinances. Applying Kaklamanos, we conclude it would be a violation of "clearly established law" and a substantial "miscarriage of justice" if this mega-yacht was banned from the City of Coral Gables based upon this ordinance.
We are compelled to this conclusion based upon a plain reading of the ordinance. Originally adopted in 1958, when Coral Gables had considerably more vacant land within its limits than it has today, the ordinance prohibited the anchoring, *966 mooring, or tying up of any waterfront property abutting the waterways and canals within the city. Although legislative intent is not our polestar, we doubt the city parents of that time were concerned about mega-yachts. The ordinance by its terms suggests they were concerned about a "boat or any craft" being lashed to a dock or vacant lot along the waterway without the owner's permission.
We note the City of Coral Gables has filed its own petition for certiorari aligning itself with Bared. The City suggests, based upon earlier authority of this Court, we must defer to its "superior technical expertise and special vantage point" in interpreting this ordinance. See City of Hialeah Gardens v. Miami-Dade Charter Found., Inc., 857 So.2d 202, 206 (Fla. 3d DCA 2003). The City reads too much into our City of Hialeah decision. We are not required to and do not defer to an agency's construction or application of a law or ordinance where we are equally capable of reading the ordinance. Fla. Hosp. v. Agency for Health Care Admin., 823 So.2d 844, 848 (Fla. 1st DCA 2002) ("[A] court need not defer to an agency's construction or application of a statute if special agency expertise is not required, or if the agency's interpretation conflicts with the plain and ordinary meaning of the statute."). A plain reading of the ordinance in this case requires that we quash the decision below. Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984) ("When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.") (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). We feel confident the City knows how to properly craft an ordinance to protect its citizens from unwanted intrusions by mega-yachts if it so desires.
Petitions granted. Decision quashed. Case remanded for further proceedings consistent herewith.
NOTES
[1] See Art. V, § 4(b)(3), Fla. Const.; Fla. R.App. P. 9.030(b)(2)(B); City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).