[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

_____

No. 09-11264

_____

D. C. Docket No. 07-22370-CV-MGC

FLAVA WORKS, INC.,
a Florida corporation d.b.a. Cocodorm.com,
ANGEL BARRIOS,

Plaintiffs-Appellees,

versus

CITY OF MIAMI, FL,
a Florida municipal corporation,
CITY OF MIAMI, CODE ENFORCEMENT BOARD,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 25, 2010)

Before PRYOR and FAY, Circuit Judges, and QUIST,[*] District Judge.

FAY, Circuit Judge:

This appeal arises out of a zoning dispute between an online adult entertainment business and the City of Miami regarding the use of a privately owned residence. Angel Barrios and Flava Works, Inc. seek to quash the Miami Code Enforcement Board's final administrative ruling that they were engaged in "adult entertainment" in an inappropriate zone and "illegally operating a business in a residential zone." Their lawsuit, brought in federal court, included a state law petition for writ of certiorari as well as constitutional claims. On cross-motions for summary judgment, the district court granted the writ of certiorari, quashed the decision of Code Enforcement Board, and held that Flava Works was neither operating an adult entertainment establishment nor a business at the residence. We reverse and render a partial judgment in favor of the City of Miami on the state law claim that Flava Works was operating a business at the residence. We remand for further proceedings on the constitutional claims.

## I. BACKGROUND

*A. Factual Background*

Flava Works, Inc. is a Florida corporation doing business as

---

[*]Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

CocoDorm.com, which operates an internet-based website of the same name. The CocoDorm website transmits images, via webcam, of the residents of 503 Northeast 27th Street, Miami, Florida, over the internet. This residence, which is zoned multifamily high-density residential (R-4), is owned by Angel Barrios and leased to Flava Works, Inc. The persons residing at the 27th Street residence are independent contractors of Flava Works, and, in exchange for $1,200 per month plus free room and board, are expected to engage in sexual relations which are captured by the webcams located throughout the house. Individual subscribers pay Flava Works, through the CocoDorm website, for access to live or recorded video feeds, including sexually explicit conduct, from the webcams in the 27th Street residence.

Flava Works's principal place of business, as designated with the Florida Secretary of State, is 2610 North Miami Avenue, where the accounting and financial aspects of the business are conducted. Flava Works holds city and county occupational licenses to operate a video and graphics business at this address. In addition to distributing digital content through the internet, Flava Works distributes physical media, such as videos and magazines, to locations around the world. The computer servers, which house the digital content and provide access to the CocoDorm website, are not located at either the 27th Street residence or the Miami

3

Avenue office.

Flava Works does not disclose the location of the 27th Street residence on its website or in any of its videos or magazines. None of the webcams are located outside of the residence and no external images of the home are broadcast over the internet. Neither customers nor vendors ever physically go to the 27th Street residence.

*B. Procedural Background*

In June 2007, the City of Miami posted a notice of violation on the 27th Street residence, informing the owner, Angel Barrios, that Flava Works was, *inter alia*, engaged in adult entertainment not permitted in that zone and illegally operating a business in a residential zone. The City of Miami Code Enforcement Board held several hearings and on August 13, 2007 found Barrios and Flava Works guilty of violating the following zoning ordinances:

-1537 Adult entertainment not permitted in C-1 zone property.
-1572 Illegally operating a business in a residential zone.

On August 23, 2007, the Code Enforcement Board entered a Final Administrative Enforcement Order.

In September 2007, Barrios and Flava Works filed the underlying action in federal district court. The lawsuit included a state law petition for writ of certiorari, as well as constitutional claims, seeking to quash the administrative

4

decision of the Code Enforcement Board. In ruling on the City of Miami's motion to dismiss, the district court concluded that Barrios and Flava Works have standing to raise the claims alleged and that the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 was appropriate. Thereafter, the parties filed cross-motions for summary judgment.

On consideration of the motions for summary judgment, the district court addressed the City of Miami's argument that it should decline to exercise supplemental jurisdiction pursuant to the *Pullman* abstention doctrine. The district court held that, although the question of state law is dispositive, it has been previously settled, making abstention inappropriate. Furthermore, the district court found that abstaining so far into the proceedings would be a waste of judicial resources, as well as the parties' time and money.

In January 2009, the district court granted Barrios and Flava Works's motion for summary judgment finding the facts to be "materially indistinguishable" from this Court's opinion in *Voyeur Dorm, L.C. v. City of Tampa, Fla.*, 265 F.3d 1232 (11th Cir. 2001). Consequently, the district court denied the City of Miami's motion for summary judgment. The district court held that "since the Miami zoning ordinance is designed to restrict establishments that offer adult entertainment services to the public at their physical location, that ordinance cannot

5

be 'applied to a particular location that does not, at that location, offer adult entertainment' or services to the public." *Flava Works, Inc. v. City of Miami, Fla.,* 595 F. Supp. 2d 1341, 1347 (S.D. Fla. 2009) (quoting *Voyeur Dorm*, 265 F.3d at 1236). The district court also held that "the activities taking place at [the 27th Street] residence do not amount to the unlawful operation of a business in a residential zone." *Id.* The City of Miami filed this timely appeal.

## II. STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*, considering all the evidence and factual inferences in the light most favorable to the non-moving party. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1211 (11th Cir. 2008). Under Fed. R. Civ. P. 56(c), a motion for summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In the instant case, the material facts are undisputed and the district court was not called upon to make any factual determinations. We review the district court's determinations of state law *de novo*. *See Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S. Ct. 1217, 1221

6

(1991).

## III. DISCUSSION

On appeal, the City of Miami does not challenge the district court's conclusion that the Miami zoning ordinance regarding "adult entertainment" does not apply to the activities taking place at the 27th Street residence. The City of Miami confines its arguments to whether Flava Works was illegally operating a business in a residential zone. It is undisputed by the parties that the 27th Street residence is zoned R-4, a residential zoning category of the Miami Zoning Ordinance. Thus, the issue on appeal is whether the activities taking place at the 27th Street residence amount to the operation of a business.

The City of Miami makes two arguments. First, it contends that the district court incorrectly applied the state law standard of review by re-weighing the evidence rather than merely determining whether the administrative findings and judgment were supported by competent substantial evidence. Second, the City of Miami asserts that the district court erroneously relied on this Court's decision in *Voyeur Dorm*, which does not address a prohibition against operating a business in a residential zone.

*A. Did the district court correctly apply the standard of review?*

Flava Works maintains that the district court correctly applied the state law

7

standard of review by finding that the Code Enforcement Board failed to observe the essential requirements of law. While the parties disagree on whether the district court correctly applied the standard of review, both agree that Florida's standard of review for writs of certiorari should be applied.

In Florida, "[o]nce the local agency has ruled . . . the parties may seek review in the court system, twice. First, a party may seek certiorari review in circuit court, i.e., 'first-tier' certiorari review. Although termed 'certiorari' review, review at this level is not discretionary but rather is a matter of right and is akin in many respects to a plenary appeal." *Dusseau v. Metropolitan Dade County Bd. of County Com'rs*, 794 So. 2d 1270, 1274 (Fla. 2001). "Next, a party may seek certiorari review of the circuit court decision in the district court, i.e., 'second-tier' certiorari review. Review at this level is circumscribed and is similar in scope to true common law certiorari review." *Id.*[1]

These two standards of review were clarified by the Florida Supreme Court in *City of Deerfield Beach v. Vaillant*:

> Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine [1] whether procedural due process is accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the

---

[1]In the state courts of Florida, the circuit courts are the trial courts and the district courts are the courts of appeal.

> circuit court's judgment, then determines whether the circuit court [1] afforded procedural due process and [2] applied the correct law.

419 So. 2d 624, 626 (Fla. 1982).

In *Florida Power & Light Co. v. City of Dania*, the Florida Supreme Court concluded that "[t]he first prongs of both standards (i.e., the due process prongs) are the same, and the second prongs (i.e., the 'essential requirements of the law' and 'applied the correct law' prongs) also are equivalent. However, the Court noted a key difference: The third prong in the circuit court standard (i.e., the 'competent substantial evidence' prong) is absent from the district court standard. 761 So. 2d 1089, 1092-93 (Fla. 2000). "Competent substantial evidence is tantamount to legally sufficient evidence." *Dusseau*, 794 So. 2d at 1274.

In the instant case, the district court exercised supplemental jurisdiction over the petition for writ of certiorari, pursuant to 28 U.S.C. § 1367. As such, state law applies to any issue not governed by the Constitution or treaties of the United States or Acts of Congress. *See* 28 U.S.C. § 1652; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938). According to the parties, this not only includes Florida substantive law but Florida law regarding the standard of review. Thus, the district court must apply "first-tier" certiorari review and we are limited to "second-tier" certiorari review under Florida law. Under this "second-tier" certiorari review we review the local ordinance *de novo*. *See City of Deerfield*

9

*Beach v. Vaillant*, 419 So. 2d 624, 626 (Fla. 1982); *see also Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 890-91 (Fla. 2003); *City of Coral Gables Code Enforcement Bd. v. Tien*, 967 So. 2d 963, 965-66 (Fla. Dist. Ct. App. 2007).

We find no merit in the City of Miami's argument that the district court re-weighed the evidence. The district court neither re-weighed the evidence nor challenged the factual determinations of the Code Enforcement Board. In fact, there was no need for fact-finding by either the agency or the reviewing court because the facts were undisputed by the parties. Instead, the district court found that the Code Enforcement Board's ruling was legal error. Under Florida's first-tier certiorari review, the district court was required to ask in the second-prong of that standard whether the essential requirements of the law have been observed. While we disagree with the district court's conclusion, it did not exceed its authority under the state standard of review.

*B. Did the district court erroneously rely on Voyeur Dorm?*

In *Voyeur Dorm*, this Court held that section 27-523 of Tampa's City Code, which defines "adult entertainment establishments," did not apply to a residence engaged in activities that were nearly identical to the activities taking place in the instant case. *See* 265 F.3d at 1237. The only difference was the gender of the residents. This Court found that section 27-523 only applied to locations where

10

adult entertainment is actually offered to the public. *See id.* at 1236. Because the public did not physically attend the Tampa residence to enjoy the adult entertainment, the residence was not a business *establishment* and section 27-523 did not apply. *See id.* On a second appeal after remand, this Court addressed the attack by Voyeur Dorm on the constitutionality of the city code and held that there was no standing because "[Voyeur Dorm, L.C.] cannot allege injury-in-fact because it is not an adult business . . . ." *Voyeur Dorm, L.C. v. City of Tampa, Fla.*, 2003 WL 23208270 (11th Cir. Feb 19, 2003).

The City of Miami has abandoned any argument that the district court erred when it concluded that *Voyeur Dorm* is controlling authority over the issue of whether Flava Works was operating an "adult entertainment establishment." On appeal, the City of Miami only contends that *Voyeur Dorm* does not address the operation of a generic business in a residential zone. The City of Miami argues that *Voyeur Dorm* is distinguishable because it was limited to a determination of whether or not the appellant had operated an adult business *establishment* in a residential zone.

Conversely, Flava Works insists that "*Voyeur Dorm* controls every aspect of the case." Flava Works argues that it "cannot be an adult business without first being a business" and "[i]f Voyeur Dorm had been operating something which

11

could be considered a business, there is no question that it would also have been considered an adult business given the undisputed nature of the communications streaming over the internet."

Relying on *Voyeur Dorm*, the district court held that Flava Works was not operating a business at the 27th Street residence. In reaching its conclusion, the district court reasoned that "the Tampa ordinance, which defined an adult entertainment establishment as '[a]ny premises . . . on which is offered . . . for a consideration,'–otherwise known as a business–did not apply." *Flava Works,* 595 F. Supp. 2d at 1348 (quoting *Voyeur Dorm*, 265 F.3d at 1235). Furthermore, the district court noted that neither the financial and accounting activities nor the computer systems necessary to transmit images to subscribers are located at the 27th Street residence. The district court conceded that "the business . . . would not likely exist without the activities taking place within the [27th Street] residence" but concluded "that does not make the activities into a business . . . ." *Id.*

The district court's reliance on *Voyeur Dorm* in concluding that Flava Works was not operating a business at the 27th Street residence is misguided. Just because the Tampa ordinance defining "adult entertainment establishments" limits its application to businesses does not mean the ordinance applies to all businesses. Furthermore, *Voyeur Dorm* did not hold that the Tampa residence was not a

12

business, it merely held that the residence was not an adult business *establishment* (where there was no public offering of adult entertainment), which is a much narrower conclusion. We agree with Flava Works that an adult business is always a business. However, the opposite is not necessarily true. The vast majority of businesses are not adult businesses but are nevertheless prohibited within residential zones. As such, we decline to apply such an expansive reading of *Voyeur Dorm* and find that it does not address a prohibition against the operation of all businesses within a residential zone.

*C. Is Flava Works operating a business at the 27th Street residence?*

We are careful to distinguish the activities taking place at the 27th Street residence from a home occupation, which is incidental and subordinate to a dwelling's use for residential purposes. The Miami Zoning Ordinance allows for a variety of home occupations in residential zones. These exceptions to the general prohibition against operating a business in a residential zone are strictly defined by the zoning ordinance. In the R-4 zoning district, home occupations may not be conducted by more than three persons and are limited to certain enumerated occupations, such as: architect, broker, or lawyer. The activities taking place at the 27th Street residence do not fall within the zoning ordinance's limited exception for home occupations.

Flava Works argues that no business was being conducted at the 27th Street residence because no goods were bought or sold and nothing was manufactured on the premises. However, it can be reasonably asserted that raw video images, which were later sold over the internet, were created at the 27th Street residence. While these images are not tangible goods, they have a commercial value and enable Flava Works to earn a profit. This seems to comport with the common definition of a business, which is "[a] commercial enterprise carried on for profit." Black's Law Dictionary 211 (8th ed. 2004).

The activities taking place at the 27th Street residence are part and parcel to Flava Work's business operations. The fact that certain aspects of the business are performed at other locations does not alter this analysis. Business objectives are the sole reason individuals are paid to live and engage in sexual activities at the 27th Street residence. Flava Works would be unable to deliver content to its subscribers without these endeavors. The activities taking place at the 27th Street residence are a clear violation of the prohibition against operating a business in a residential zone.

## IV. CONCLUSION

For the foregoing reasons, we reverse the district court's grant of summary judgment to Flava Works and its denial of summary judgment to the City of

14

Miami. In reviewing this matter and hearing the arguments of counsel, the court considered simply holding that the district court erred in applying the law and remanding for further consideration. However, because there is no dispute in the facts, and in the interest of judicial economy, we have ruled as a matter of law that the City of Miami Code Enforcement Board's Final Administrative Order is due to be reinstated as to that part of the order holding that there was a violation of zoning ordinance 1572–Illegally operating a business in a residential zone. Consequently, we REVERSE AND RENDER PARTIAL JUDGMENT in favor of the City of Miami on the state law claim that Flava Works was operating a business at the residence, and REMAND for further proceedings on the constitutional claims.