[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2011
JOHN LEY
CLERK

_____

No. 11-11729
Non-Argument Calendar

_____

D. C. Docket No. 1:10-cv-21650-FAM

CHARLENE I. JOHNSON,

Plaintiff-Appellant,

versus

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 20, 2011)

Before DUBINA, Chief Judge, TJOFLAT and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Charlene I. Johnson appeals from the district court's grant of summary judgment in favor of Appellee Royal Caribbean Cruise, Ltd. ("Royal") on her claim of negligence that resulted in personal injury while she was a passenger aboard Royal's *Oasis of the Seas* cruise ship. Specifically, Johnson appeals the district court's finding that a liability waiver she signed is not rendered void by 46 U.S.C. § 30509.[1] Because we agree with Johnson that the language of this statute is clear and unambiguous—thus leaving no room for interpretation using the legislative history or purpose in enacting the statute—we reverse the district court's judgment and hold that the waiver of liability is not enforceable to this claim. We remand to the district court for proceedings in conformance with this ruling.

I.

Johnson was a passenger on the *Oasis of the Sea* cruise ship owned by Royal. One of the attractions of this ship was the FlowRider—a simulated surfing and body boarding activity. Before purchasing a ticket to participate in the FlowRider attraction, Johnson was instructed to sign her name to an electronic

---

[1] Though the district court found that federal admiralty jurisdiction, and thus general maritime law, was not invoked, Royal now concedes that the general maritime law does apply. We agree with Johnson and Royal that general maritime law applies to the case at bar. *See Jerome Grubart, Inc. v. Great Lake Dredge and Dock Co.,* 513 U.S. 527, 115 S. Ct. 1043 (1995); *see also Doe v. Celebrity Cruises, Inc.,* 394 F.3d 891 (11th Cir. 2004); *Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560, 1564 n.10 (11th Cir. 1991)

"Onboard Activity Waiver" ("the waiver"). When she signed her name to the waiver, Johnson agreed to release Royal and its employees from actions "arising from any accident [or] injury. . . resulting from . . . [her] participation in any or all of the shipboard activities [she] has selected." [R. 93-1]. While receiving instruction for the body boarding portion of FlowRider, Johnson received instructions from an instructor employed by Royal ("Mike") that deviated from the regular use of the body boards, which are different from the surfboards. Mike instructed Johnson to stand on the body board while he was holding it. When he released the board, Johnson fell off the board and suffered a fractured ankle. The maneuver attempted by Mike with Johnson was in violation of Royal's safety guidelines for the FlowRider attraction. These guidelines specifically state that the boards for the surfing portion can be stood upon, while the boards used for the body boarding portion should only be used while lying down.

After Johnson filed a complaint alleging injury due to Royal's negligence, Royal moved for summary judgment. Royal argued that the waiver precluded Johnson from recovering for these injuries. Johnson filed a cross-motion for summary judgment arguing the waiver was rendered void by 46 U.S.C. § 30509. The district court granted Royal's summary judgment motion and denied Johnson's. First, the district court found that the general maritime law—and thus

3

46 U.S.C. § 30509—did not apply to this case. Second, the district court found that even if the general maritime law did apply, 46 U.S.C. § 30509 was inapplicable, and the waiver was still enforceable.

## II.

This court reviews "the district court's grant of summary judgment *de novo*, considering all the evidence and factual inferences in the light most favorable to the non-moving party." *Flava Works, Inc. v. City of Miami*, 609 F.3d 1233, 1236 (11th Cir. 2010).

## III.

The waiver at issue in this case is only enforceable if it does not run afoul of 46 U.S.C. § 30509, which prohibits "the owner . . . or agent of a vessel transporting passengers between . . . a port in the United States and a port in a foreign country" from including in a "contract a provision limiting the liability of the owner . . . or agent for personal injury or death caused by the negligence or fault of the owner or the owner's employees or agents." 46 U.S.C. § 30509(a)(1)(A). Any such provision is rendered void and will not be enforced. 46 U.S.C. § 30509(a)(2).

In order to determine if this statute is applicable to the case at bar, we must follow the rules of statutory construction. *United States v. Silva*, 443 F.3d 795,

797 (11th Cir. 2006). "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *United States v. One 1990 Beechcraft,* 619 F.3d 1275, 1279 (11th Cir. 2010). Judges are to "ascertain—neither to add nor to subtract, neither to delete nor to distort" the words with which Congress has expressed its purpose. *62 Cases of Jam v. United States,* 340 U.S. 593, 596, 71 S. Ct. 515, 518 (1951).

The waiver at issue is clearly a contract with a provision that limits "the liability of the owner . . . for personal injury or death caused by the negligence or fault of the owner or the owner's employees or agents." 46 U.S.C. § 30509(a)(1)(A). Royal is also undoubtedly "the owner . . . of a vessel transporting passengers between . . . a port in the United States and a port in a foreign country." 46 U.S.C. § 30509(a)(1)(A). Congress has spoken on this very type of waiver and has unequivocally prohibited it and rendered it void. 46 U.S.C. § 30509(a)(2). The statute contains no exceptions regarding the type of activity—whether recreational, ultra hazardous, or otherwise—in which the passenger is partaking when the injury occurs nor where the particular provision is found—whether on

the back of a ticket or in a separate, signed, electronic document as here. *See* 46 U.S.C. § 30509.

In deciding that 46 U.S.C. § 30509 does not render this particular waiver void, the district court focused on the purported policy rationale behind the enactment of the statute. [R. 134 at 5.] However, what the district court did not do is look to the plain and unambiguous meaning of the language of the statute and apply it to the current case. Had the district court done so, it would have been clear that the statute most certainly applies, and this waiver is void. Finally, the district court notes that similar waivers have been upheld when injuries occurred to participants in inherently dangerous, *land-based* activities. [R. 134 at 8.] This argument holds no weight, however, because 46 U.S.C. § 30509 clearly applies to owners of vessels transporting passengers between ports, not land based operators. That Congress saw fit to void liability waivers in one situation and not the other is clearly apparent and makes any comparison of the two irrelevant.

## IV.

For the foregoing reasons, we reverse the judgment of the district court and remand this case for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**