Frank DELUCA, on his own behalf and on behalf of all other similarly situated passengers aboard the Anthem of the Seas, Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD., Defendant.

CASE NO.: 16–cv–20689–KING–TORRES

United States District Court, S.D. Florida, Miami Division.

Signed March 15, 2017

Filed 03/16/2017

Michael A. Winkleman, Lipcon Margulies & Alsina, Miami, FL, for Plaintiffs.

Curtis Jay Mase, Cameron Wayne Eubanks, Thomas Dennis Alan Briggs, Thomas D. Graham, Mase Tinelli, P.A., Miami, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

JAMES LAWRENCE KING, UNITED STATES DISTRICT JUDGE

**THIS MATTER** comes before the Court upon Defendant ROYAL CARIBBEAN CRUISES, LTD.'s ("Royal Caribbean") Motion to Dismiss Plaintiff's Class Action Complaint (DE 12) ("the Motion"). The Court has additionally considered Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Class Action Complaint (DE 18), and Defendant's Reply in Support of Motion to Dismiss Plaintiff's Class Action Complaint (DE 20). The Court had the benefit of oral argument from the parties on March 2, 2017. For the reasons outlined below and stated on the record during the March 2, 2017, hearing, Royal Caribbean's Motion is **GRANTED.**

Plaintiff's Complaint and Demand for Jury Trial ("the Complaint") alleges claims against Royal Caribbean relating to alleged injuries suffered while he was a passenger aboard Royal Caribbean's *Anthem of the Seas* during a February 2016 cruise. Plaintiff alleges claims for negligence (Count I), negligent infliction of emotional distress (count II), and intentional infliction of emotional distress (count III). Plaintiff seeks to maintain this lawsuit as a class action on behalf all other similarly situated passengers aboard the *Anthem of the Seas.*

## I. BACKGROUND

Plaintiff was a ticketed passenger aboard the *Anthem of the Seas* for a Feb-

ruary 2016 cruise from New Jersey to the Bahamas. During the cruise, the vessel encountered a winter storm. Plaintiff alleges he suffered physical and emotional injuries as a result of the cruise. Plaintiff seeks to represent a putative class of all similarly situated passengers that were aboard the *Anthem of the Seas.*

Prior to embarkation, all passengers, including Plaintiff, are provided with a Guest Ticket Booklet containing the Cruise/Cruisetour Ticket Contract ("the ticket contract"). (DE 12–1). The ticket contract contains terms and conditions that govern the relationship between Plaintiff and Royal Caribbean. In order to board any cruise, passengers are required to check-in and accept the terms and conditions of the ticket contract. (*Id.* at p. 2).

The first paragraph of the ticket contract contains bolded language specifically directing passengers to important terms and conditions. The notice states:

**IMPORTANT NOTICE TO GUESTS**

**YOUR CRUISE/CRUISETOUR TICKET CONTRACT CONTAINS IMPORTANT LIMITATIONS ON THE RIGHTS OF PASSENGERS. IT IS IMPORTANT THAT YOU CAREFULLY READ ALL TERMS OF THIS CONTRACT, PAYING PARTICULAR ATTENTION TO SECTION 3 AND SECTION 9 THROUGH 11, WHICH LIMIT OUR LIABILITY AND YOUR RIGHT TO SUE, AND RETAIN IT FOR FUTURE REFERENCE.**

Paragraph 9(b) of the parties' ticket contract contains a provision entitled Class Action Relief Waiver relevant to this dispute ("the class action waiver"). The provision reads:

CLASS ACTION RELIEF WAIVER. PASSENGER HEREBY AGREES THAT EXCEPT AS PROVIDED IN THE LAST SENTENCE OF THIS PARAGRAPH, PASSENGER MAY BRING CLAIMS AGAINST CARRIER ONLY IN PASSENGER'S INDIVIDUAL CAPACITY. EVEN IF THE APPLICABLE LAW PROVIDES OTHERWISE, PASSENGER AGREES THAT ANY ARBITRATION OR LAWSUIT AGAINST CARRIER, VESSEL OR TRANSPORT WHATSOEVER SHALL BE LITIGATED BY PASSENGER INDIVIDUALLY AND NOT AS A MEMBER OF ANY CLASS OR AS PART OF A CLASS OR REPRESENTATIVE ACTION, AND PASSENGER EXPRESSLY AGREES TO WAIVE ANY LAW ENTITLING PASSENGER TO PARTICIPATE IN A CLASS ACTION. IF YOUR CLAIM IS SUBJECT TO ARBITRATION AS PROVIDED IN SECTION 10 BELOW, THE ARBITRATOR SHALL HAVE NO AUTHORITY TO ARBITRATE CLAIMS ON A CLASS ACTION BASIS. YOU AGREE THAT THIS SECTION SHALL NOT BE SEVERABLE UNDER ANY CIRCUMSTANCES FROM THE ARBITRATION CLAUSE SET FORTH IN SECTION 10.b BELOW, AND IF FOR ANY REASON THIS CLASS ACTION WAIVER IS UNENFORCEABLE AS TO ANY PARTICULAR CLAIM, THEN AND ONLY THEN SUCH CLAIM SHALL NOT BE SUBJECT TO ARBITRATION.

(Exhibit 1 to DE 12–1 ¶ 9(b)).

The Motion was supported by an affidavit of Royal Caribbean's Senior Manager of Guest Claims and Litigation, Amanda Campos, based on her personal knowledge and Royal Caribbean's records. (DE 12–1). According to Ms. Campos' affidavit, the

ticket contract, including the class action waiver, was issued to and received by Plaintiff on January 11, 2016. (DE 12–1 ¶ 5; Exhibit 2 to DE 12–1). Plaintiff accepted the terms and conditions of the ticket contract, including the class action waiver. (DE 12–1 ¶ 6). The ticket contract was also publicly available at all relevant times on Royal Caribbean's website. (DE 12–1 ¶ 9). The ticket contract reasonably communicated the importance of the terms and conditions, including the class action waiver. Campos' affidavit went unrebutted by Plaintiff. Indeed, Plaintiff did not contest, either through the motion to dismiss briefing or again during hearing, that the ticket contract and the class action waiver were reasonably communicated to him prior to cruising. Despite this clear and unambiguous language, Plaintiff filed this complaint, seeking to maintain a class action on behalf of all passengers onboard the *Anthem of the Seas.*

## II. LEGAL STANDARD

Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. FED. R. CIV. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As a corollary, allegations absent supporting

facts are not entitled to this presumption of veracity. *Id.* at 681, 129 S.Ct. 1937. The enforceability of a procedural device, like a class action waiver, should be resolved at this stage of the litigation by way of a motion to dismiss. (*See, e.g., Cruz v. Cingular Wireless, LLC,* 648 F.3d 1205, 1206); *see also Assiff v. Carnival Corp.,* 930 So.2d 776 (Fla. Dist. Ct. App. 2006). At the March 2, 2017, hearing, Plaintiff agreed that this Court should rule on the class action waiver at the motion to dismiss stage.

## III. DISCUSSION

Defendant argues that Plaintiff cannot maintain this lawsuit as a class action due to the parties' class action waiver provision. Additionally, Royal Caribbean seeks dismissal of Plaintiff's intentional infliction of emotional distress claim and prayer for punitive damages on his negligence-based claims.[1] With respect to the enforceability of the class action waiver, Plaintiff responds that the class action waiver is void as against public policy pursuant to 46 U.S.C. § 30509. Plaintiff also contends more generally that the class action waiver provision is unenforceable as unconscionable.

### A. The class action waiver was reasonably communicated to Plaintiff.

General maritime law applies to cases, such as this one, alleging torts committed on navigable waters. "[I]t is well settled that the general maritime law of the United States, and not state law, controls the issue of whether a passenger is

---

1. This Proposed Order does not address these two issues as they were not argued at the March 2, 2017, hearing.

bound to terms set forth in a cruise ship's ticket and contract of passage." *Veverka v. Royal Caribbean Cruises, Ltd.*, 2015 WL 1270139, *5 (D.N.J. Mar. 18, 2015). Under general maritime law, a term or condition of a cruise ticket contract is enforceable once it is reasonably communicated to the passenger. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). The test involves a two-pronged analysis of: (1) the physical characteristics of the clause in question; and (2) whether the plaintiff had the ability to become meaningfully informed of the contract terms. *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1244 (11th Cir. 2012). Ms. Campos' affidavit conclusively establishes that the ticket contract and class action waiver were reasonably communicated to Plaintiff prior to his cruise. (DE 12–1). Plaintiff does not argue otherwise, and it is well-established that parties can agree to class action waivers. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011); *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205 (11th Cir. 2011). Given the uncontroverted evidence, the class action waiver was reasonably communicated to Plaintiff and is, therefore, enforceable.

### B. The class action waiver does not violate 46 U.S.C. § 30509.

Plaintiff contends that the class action waiver is tantamount to a limitation on Royal Caribbean's liability and is void as against public policy. Pursuant to 46 U.S.C. § 30509:

The owner, master, manager, or agent of a vessel transporting passengers between ports in the United States, or between a port in the United States and a port in a foreign country, may not include in a regulation or contract a provision limiting ... (A) the liability of the owner, master, or agent for personal injury or death caused by the negligence or fault of the owner or the owner's employees or agents; or (B) the right of a claimant for personal injury or death to a trial by court of competent jurisdiction.... (2) Voidness.—A provision described in paragraph (1) is void.

46 U.S.C. § 30509(a). Under the Act, a contract provision that (a) limits the liability of the shipowner for personal injury or (b) limits the right of the passenger to a trial by a competent court is void. *Id.* The class action waiver does neither.

"Congress's concern in enacting [section] 30509(a) was the unilateral imposition of bargaining power by a ship owner to limit its liability for its negligent acts," and it intended to stop ship owners from limiting liability "without any recourse to judicial process." *Estate of Myhra*, 695 F.3d at 1242, 1243 (alteration added). There is "no authority" for the proposition that the statute was intended to prevent cruise ticket contract terms that still "allow[ ] for judicial resolution of claims" but may cause the passenger an "unreasonable hardship in asserting their rights." *Lankford v. Carnival Corp.*, 12–cv–24408–CMA [ECF No. 280] (S.D. Fla. July 25, 2014).

In contrast to this case, the Eleventh Circuit only voids cruise line contractual waivers that directly seek to limit the cruise line's liability for negligent acts. *E.g., Johnson v. Royal Caribbean Cruises, Ltd.*, 449 Fed.Appx. 846, 848 (11th Cir. 2011). For instance, in *Johnson*, a cruise line's limitation of liability was void that sought to relieve the cruise line of liability "from actions arising from any accident or injury resulting from [p]laintiff's participation in any or all shipboard activities she has selected." *Id.* Similarly, in *Korn-*

*berg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir. 1984), the court held that a waiver of the cruise line's duty to provide adequate accommodations on its vessels was violative of the statute and, therefore, void.

*Shute*, the seminal case on the enforceability of cruise ticket contracts and forum selection clauses contained therein, is instructive on the issues raised by the class action waiver. In *Shute*, the Supreme Court held that a forum selection clause in a pre-printed cruise ticket not subject to negotiation was enforceable. The Court held that enforcement of the forum selection clause did not violate the predecessor statute to section 30509 because "by its plain language, the forum-selection clause before us does not take away respondents' right to a trial by a court or competent jurisdiction and thereby contravene the explicit proscription of" the statute. *Shute*, 499 U.S. at 596, 111 S.Ct. 1522. "The fact the clause at issue in *Shute* was alleged to have 'caused[d] plaintiffs unreasonable hardship in asserting their rights' in part by requiring 'a plaintiff [to] travel to a distant forum in order to litigate' was not relevant given the plain language and legislative history of the statute." *Lankford v. Carnival Corp.*, 12–cv–24408–CMA [ECF No. 280, p. 8] (S.D. Fla. July 25, 2014) (quoting *Shute*, 499 U.S. at 596, 111 S.Ct. 1522) (alterations in original).

At least two other Courts in this District have relied on *Shute*'s analytical framework to enforce class action waivers in cruise ticket contracts. *Lankford*, 12–cv–24408–CMA; *Crusan v. Carnival Corp.*, 13–CV–20592–KMW [ECF No. 41] (S.D. Fla. Mar. 11, 2014). This Court finds their reasoning sound, and follows suit in enforcing the class action waiver. In *Lankford*, a group of cruise passengers sought to represent a putative class consisting of all former passengers that allegedly suffered a bacterial infection during their cruise. The cruise line sought to enforce a substantially similar class action waiver provision of its ticket contract to the one at issue here. Like Plaintiff here, the *Lankford* passengers argued that the class action waiver provision violated section 30509 as against public policy. *Lankford*, 12–cv–24408–CMA [ECF No. 280, p. 6]. The *Lankford* court rejected this argument because the class action waiver did not deprive a passenger of their ability to pursue their claims against the cruise line. *Id.* at p. 8.

The *Lankford* court reasoned that, "[w]hile the waiver modifies the form of action a plaintiff may pursue, a limitation on use of the class action device does not affect substantive liability, because 'the Rules Enabling Act forbids interpreting Rule 23 to abridge, enlarge, or modify any substantive right[.]" *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2561, 180 L.Ed.2d 374 (2011)). The court continued that, "Plaintiffs posit the limitation on class actions would result in a practical limitation of liability by making suits harder to maintain against Carnival.... This argument is indistinguishable from the 'unreasonable hardship' argument made in Shute, and is rejected for the same reason[.]" *Id.* at p. 9. Simply put, the "class action waiver does not by its plain language limit the liability of Carnival, and therefore is not a violation of section 30509." *Id.*

In *Crusan*, another Court in this District came to the same conclusion. *Crusan* arose when the Carnival *Triumph* was stranded in the Gulf of Mexico after suffering power loss due to an engine room fire. Very similar to this case, a group of pas-

sengers sought to maintain a class consisting of all passengers onboard the cruise, alleging physical and emotional injuries due to their experience. *Crusan*, 13–cv–20592–KMW. The cruise line moved to dismiss the class action allegations based on a class action waiver in the cruise ticket contract. The Court notes that the same attorneys in this case were involved in the *Crusan* matter.

The *Crusan* court granted the cruise line's motion to dismiss in a paperless order, but Royal Caribbean filed a hearing transcript of the oral argument on the motion to dismiss for this Court's consideration. (DE 12–4). The *Crusan* court reasoned that the class action waiver was procedural in nature and did not limit the cruise line's liability. The court stated that the class action waiver does not affect "the substantive rights of the parties, where they don't still have the capacity to recoup their damages, appropriately pled and proved damages." As such, the class action waiver did not violate 46 U.S.C. § 30509.

This Court agrees. The class action waiver, like a forum selection clause, does not take away a plaintiff's right to a trial or limit the cruise line's liability for negligent acts. The Rule 23 class mechanism is procedural in nature, and as the Supreme Court noted in *Dukes*, does not affect substantive liability or rights. The clause still allows for judicial resolution of all substantive claims and does not, by its plain language, limit the cruise line's liability for negligence. Plaintiff's argument that the class action waiver makes it more difficult for certain passengers to assert claims has already been rejected by *Shute* and its progeny. The class action waiver does not violate 46 U.S.C. § 30509.

### C. The class action waiver is not unconscionable.

 Plaintiff argues that the class action waiver is unenforceable as unconscionable. A court may refuse to enforce a contract or term that is unconscionable at the time the contract is made. *Jerome v. Water Sports Adventure Rentals & Equipment, Inc.*, 2013 WL 692471, *8 (D.V.I. Feb. 26, 2013) (citing RESTATEMENT (SECOND) CONTRACTS § 208). "Unconscionability encompasses both procedural and substantive elements, and both must be proven to revoke a contract on that basis." *Id.* The party challenging the contract or contract term has the burden of establishing unconscionability. *Id.*

The class action waiver is not procedurally or substantively unconscionable, and is certainly not both. Regarding the procedural unconscionability aspect of ticket contract formation, the Supreme Court has already rejected this argument. The *Shute* Court held that ticket contract provisions are enforceable so long as they are reasonably communicated to a passenger despite a passenger's claim that they lack equal bargaining power with the cruise line or that they did not negotiate the terms with the cruise line. *Shute*, 499 U.S. at 593, 111 S.Ct. 1522 ("Common sense dictates that a ticket of this kind will be a form contract the terms of which are not subject to negotiation, and that an individual purchasing the ticket will not have bargaining parity with the cruise line."). Plaintiff's contention that the ticket contract is a "contract of adhesion" is not enough to find the ticket contract procedurally unconscionable. *Veverka*, 2015 WL 1270139 at *5. It is uncontroverted that Plaintiff had notice of the ticket contract terms, including the class action waiver as they were reasonably communicated to him prior to cruising.

The class action waiver is not substantively unconscionable. As outlined above, class action waivers are enforceable out-

side the context of consumer arbitration. *Lankford*, 12–cv–24408–CMA; *Crusan v. Carnival Corp.*, 13–cv–20592–KMW; *see also Palmer v. Convergys Corp.*, 2012 WL 425256 (M.D. Ga. Feb. 9, 2012). The class action waiver does not affect Plaintiff's substantive right to bring a claim against Royal Caribbean and it does not limit Royal Caribbean's liability. *Id.*

The *Lankford* court also rejected the argument that class action waivers are only enforceable where they contain attorney's fees provisions. The court noted that there was "no authority upon which the Court would come to [the] conclusion" that "the class action waiver at issue is void for failure to include an attorney's fees provision." *Lankford*, 12–cv–24408–CMA [ECF No. 280, p. 11]. Cases, such as *Dale v. Comcast Corp.*, 498 F.3d 1216 (11th Cir. 2007), invalidated class action waivers under state law (Georgia in that case), but this case is governed by general maritime law, which does not have any similar attorney's fees requirement.

Indeed, this Court notes that the policy concerns present in cases such as *Dale* do not appear here since Plaintiff is suing for allegedly "severe physical and emotional injuries" due to the cruise aboard the *Anthem of the Seas*. (DE 1). These cases are frequently litigated before this Court without attorney's fees provisions. In fact, multiple lawsuits have been filed by passengers in their individual capacity based on the *Anthem of the Seas* cruise. *See, e.g., Simpson v. Royal Caribbean Cruises, Ltd.*, 16–cv–20595–PAS; *Winter v. Royal Caribbean Cruises, Ltd.*, 17–cv–20466–CMA; *Beckmann v. Royal Caribbean Cruises, Ltd.*, 16–cv–22577; *Brown v. Royal Caribbean Cruises, Ltd.*, 17–cv–20482; *Giles v. Royal Caribbean Cruises, Ltd.*, 17–cv–00306; *Incardone v. Royal Caribbean Cruises, Ltd.*, 16–cv–20924. This Court's unconscionability analysis is also guided by the fact that cruise passenger personal injury suits are rarely, if ever, amenable to class treatment in the first place. *See, e.g., Conigliaro v. Norwegian Cruise Line*, 05–cv–21584–CMA (denying class certification from injuries arising where one cruise vessel encountered rogue wave); *Elliot v. Carnival Cruise Lines, Inc.*, 2003 WL 25677700 (S.D. Fla. Oct. 17, 2003) (denying class certification for injuries caused on vessel due to engine difficulties); *Neenan v. Carnival Corp.*, 199 F.R.D. 372 (S.D. Fla. 2001) (denying class certification for injuries caused to passengers onboard vessel due to shipboard fire); *Kornberg v. Carnival Cruise Lines, Inc.*, 1986 A.M.C. 854 (S.D. Fla. 1985) (decertifying class for injuries caused on vessel due to malfunctioning toilets); *Hutton v. Norwegian Cruise Lines, Ltd.*, 99–cv–2383–FAM (S.D. Fla. Dec. 22, 2000) (denying class certification for cruise passengers claiming emotional distress after vessel collided with a cargo ship). In sum, the class action waiver is enforceable and is not unconscionable.

## IV. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant ROYAL CARIBBEAN CRUISES LTD.'s Motion to Dismiss Plaintiff's Class Action Complaint (**DE 12**) be, and the same is, hereby **GRANTED.** Should he elect to do so, Plaintiff shall file an Amended Complaint within **twenty (20) days** of the date of this Order. The Amended Complaint shall set forth claims only in Plaintiff's individual capacity and shall not contain class action allegations.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Court-

house, Miami, Florida, this 15th day of March, 2017.